■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD VIGAY, Appellant. [607 NYS2d 2] —Judgment, Supreme Court, New York County (Richard C. Failla, J.), ren-

dered March 16, 1992, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of one to three years, unanimously affirmed.

When the deliberating jury inquired whether defendant had received *Miranda* warnings, defense counsel made no request that the jury be instructed to review the voluntariness of his statements, nor did he request such a charge at any other point in the trial, nor was such an issue raised by the evidence. Defense counsel's request was that the jury be instructed "simply that there is no evidence as to the reading of the *Miranda* rights and leave it at that; that will be my position—it answers the question". Therefore, defendant's argument that the trial court should have responded to the jury's note with an instruction on voluntariness is both unpreserved and without merit *(People v Cefaro,* 23 NY2d 283, 288-289; *compare, People v Lewis,* 116 AD2d 16, 19). Moreover, the trial court meaningfully responded to the note by correctly instructing the jury that *Miranda* warnings were not an issue in the case and simultaneously, in response to another note, directing a readback of all the testimony concerning the statements.

The trial court did not abuse its discretion when it ruled that the videotape proffered by defendant was not reliable evidence of what the police could have seen during the incident. Concur—Carro, J. P., Wallach, Asch and Nardelli, JJ.