■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MORMILE, Appellant. [812 NYS2d 524]—

Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered April 20, 2004, convicting defendant, upon his plea of guilty, of attempted rape in the second degree, and sentencing him to a term of 30 days concurrent with 10 years' probation, unanimously affirmed.

As the result of an undercover operation involving the Internet, defendant was indicted for, and convicted of, attempting to have sex with a police officer who posed as a 13-year-old girl. It is not a legal impossibility for defendant to have committed the crime of attempted rape in the second degree (i.e., attempted statutory rape), even though, with regard to the age of the victim, the crime is one of strict liability pursuant to Penal Law § 15.20 (3). Engaging in sexual intercourse with a person who does not give, or is incapable of giving, consent is the core conduct prohibited by the statute (Penal Law § 130.30 [1]), and the age of the victim is an aggravating circumstance that makes the actor's conduct felonious (see People v Coleman, 74 NY2d 381, 385 [1989]). Thus, "[n]otwithstanding the strict liability nature of the underlying . . . offense, a defendant may legally and logically attempt to act in the manner proscribed by this penal statute" (People v Saunders, 85 NY2d 339, 341 [1995]). Moreover, as a matter of policy, "[t]he premise of the Legislature's recognition of attempt culpability is that an actor's objectives and actions, though failing to achieve a desired goal, 'constitute a danger to organized society of sufficient magnitude to warrant the imposition of criminal sanctions' " (id. at 344, quoting People v Dlugash, 41 NY2d 725, 726 [1977]). Such is the case here. Furthermore, since defendant mistakenly believed the victim to be under the age of 15, "[i]t is no defense that, under the attendant circumstances, the crime was factually or legally impossible of commission, 'if such crime could have been committed had the attendant circumstances been as [defendant] believed them to be' " (People v Dlugash, 41 NY2d at 735, quoting Penal Law § 110.10).

Defendant's challenges to the grand jury proceedings are foreclosed by his guilty plea (see People v Hansen, 95 NY2d 227 [2000]; compare People v Pelchat, 62 NY2d 97 [1984]), and are without merit in any event. Concur—Tom, J.P., Friedman, Sullivan, Gonzalez and McGuire, JJ.