■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIATRA HESTERBAY, Also Known as DIATRA HESTER-BEY, Appellant. [875 NYS2d 478]—

Judgments, Supreme Court, New York County (Lewis Bart Stone, J., at suppression hearing, Robert M. Stoltz, J., at first trial and sentence; Edward McLaughlin, J., at second trial and sentence), rendered April 12, 2006, convicting defendant, after a jury trial, of welfare fraud in the third degree, grand larceny in the third degree and four counts of offering a false instrument for filing in the first degree, and sentencing her to an aggregate term of 2 to 6 years, and also convicting her, after a jury trial, of criminally negligent homicide, and sentencing her to a consecutive term of 1⅓ to 4 years, unanimously affirmed.

Defendant was convicted of smothering her 14-month-old son

in an effort to get him to lie still and take a nap, as well as collecting welfare benefits for her son for four years after his death. At her first trial, defendant was convicted of the welfare fraud-related charges, but the jury was unable to reach a verdict on the criminally negligent homicide charge, which was the subject of the second trial.

The hearing court properly denied defendant's motion to suppress statements. The police were not required to give *Miranda* warnings prior to the first statement at issue, because a reasonable person in defendant's position, innocent of any crime, would have believed that the police were investigating a child's disappearance, and that she was free to leave (*see People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]). Defendant voluntarily accompanied the officers to the police station, where they did not restrain her or do anything to convey that the interview had become custodial or that they had decided to make an arrest (*see e.g. People v Dillhunt*, 41 AD3d 216 [2007], *lv denied* 10 NY3d 764 [2008]). Moreover, her expectation of being free to leave was enhanced by the fact that, earlier in the same investigation, police questioned her at the precinct and then brought her home.

After defendant admitted that her son was dead, an officer administered *Miranda* warnings, and police investigation into the circumstances of the death continued. The totality of the circumstances establishes that the statements defendant gave the following day, in which she admitted to having smothered her son, were voluntarily made (*see Arizona v Fulminante*, 499 US 279, 285-288 [1991]). The circumstances were not unduly coercive, and the delay in defendant's arraignment was satisfactorily explained, was not excessive, and did not render the confession involuntary (*see People v Ramos*, 99 NY2d 27, 35 [2002]; *People v Irons*, 285 AD2d 383 [2001], *lv denied* 97 NY2d 641 [2001]).

At the first trial, although no issue of venue in New York County had been litigated, and no instruction on that subject had been requested or delivered, a note from the deliberating jury appeared to inquire about that subject with respect to the offering a false instrument for filing charges. Since defendant's only suggestion was that the court respond to the note by rereading the elements of the crimes, the only argument she has preserved is an argument that the court should have responded in that manner (*see People v Hoke*, 62 NY2d 1022 [1984]), and we find that argument without merit. Thus, defendant failed to preserve her remaining arguments concerning the court's response (*see id.*), including her claim that the court

improperly removed the issue of venue from the jury's consideration, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The court responded to the note by stating, in substance, that venue was not an issue. This was entirely correct, because defendant had waived the issue by failing to request a jury charge on venue (*see People v Greenberg*, 89 NY2d 553, 556 [1997]), and the jury's note did not obligate the court to instruct the jury on a matter that had not been at issue during the trial (*see People v Medor*, 39 AD3d 362 [2007], *lv denied* 9 NY3d 867 [2007]; *People v Vigay*, 200 AD2d 360 [1994], *lv denied* 83 NY2d 877 [1994]). We have considered and rejected defendant's argument that her attorney rendered ineffective assistance on this issue, and her procedural claims concerning the position taken by the trial prosecutor regarding the note.

At the second trial, a principal issue was the voluntariness of defendant's statements. Defense counsel's extensive cross-examination of police witnesses about the circumstances under which the statements were made raised complex and technical legal issues, and some of these inquiries tended, by implication, to mislead the jury as to the applicable law. Accordingly, the court properly exercised its discretion (*see People v Moulton*, 43 NY2d 944 [1978]) when it gave the jury brief clarifying instructions on particular matters relating to voluntariness at several junctures during defendant's cross-examination, generally in response to the People's objections (*cf. People v Crispino*, 298 AD2d 220, 221-222 [2002], *lv denied* 99 NY2d 627 [2003]). We do not find that defendant was prejudiced by either the content or the timing of any of these instructions.

Viewed as a whole, the court's responses to notes from the deliberating jury at the second trial on the subject of voluntariness conveyed the applicable standards and did not cause defendant any prejudice (*see* CPL 60.45 [2]; *People v Tarsia*, 50 NY2d 1, 11 [1980]). We do not find that the court signaled to the jury that it held any particular opinion on the issue of voluntariness, either in these responses or at any other point in the trial. Defendant's challenge to a portion of the court's main charge on voluntariness is unpreserved and without merit.

While we find it was error for the Court and the prosecution not to redact irrelevant matter contained in defendant's confession and for the prosecutor to refer to such matter in her summation, in view of the totality of evidence, the error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

We have considered and rejected defendant's argument that her confession was not corroborated by additional proof that a

crime was committed (*see* CPL 60.50). Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Freedman, JJ.