Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered December 6, 2007, convicting defendant, after a jury trial, of burglary in the second degree, endangering the welfare of a child and four counts of sexual abuse in the third degree, and sentencing him to an aggregate term of four years, affirmed.
The deliberating jury sent a note in relation to the second- *865 degree burglary count for “clarification of intent—How does the age of the victim impact on intent?” In response the court stated that it would tell the jury: “The answer to their intent question is if he intended to go into the building with a person and intended to have physical contact with that person, the age does not matter. In essence, he’s stuck with the age.”
Defense counsel objected, “No. No. No. No,” and requested that the court reread its original instruction on that subject: “I’m asking for the readback of just the burglary with just the intent because in order to commit a crime, in a burglary situation, I believe that he has to know the age of the person when he goes in. He doesn’t have to know the age of the person to commit the underlying crimes of the sex[ual] abuse. But in order to have an intent to commit a crime inside, burglary in the second degree [he does]. And you are guaranteeing a conviction.”
The court responded by saying “It’s not. And once again, if there is a conviction—as you now predict—this is the first point on appeal, I gather.”
Because the trial court ruled on defense counsel’s objection, the court demonstrated “that [it] specifically confronted and resolved this issue. Under these circumstances, . . . preservation was adequate” (People v Feingold, 7 NY3d 288, 290 [2006]; GPL 470.05 [2]).
However, the court declined to reread its instruction and instead delivered a more specific instruction. Counsel “did not specify why the charge as given was inadequate. Thus, while there was preservation as to the court’s refusal to charge in accordance with defendant’s request, there was no preservation with respect to error in the [intent] charge as given” (People v Hoke, 62 NY2d 1022, 1023 [1984]). Because the jury had already expressed its inability to understand the original instructions, it was appropriate for the court to provide more than the simple readback counsel had requested. While counsel raised a specific issue regarding defendant’s intent, he never requested anything but a rereading of the original charge and made no objection to the supplemental charge the court actually delivered until he made his postverdict motion, which had no preservation effect (see People v Padro, 75 NY2d 820 [1990]). This Court recently found a lack of preservation in People v Hesterbay (60 AD3d 564 [2009], lv denied 12 NY3d 916 [2009]), when defense counsel only asked the court to reread the elements of the crimes in response to the jury’s note. The Court of Appeals recently reiterated its warnings to the defense bar about the importance of specifying objections sufficiently to “alert the *866 trial court to the argument now being advanced” (People v Hawkins, 11 NY3d 484, 493 [2008]). Accordingly, by only asking for a rereading of the original charge on intent in the . second-degree burglary charge, defendant’s present claim that the supplemental instruction was incorrect or prejudicially misleading is unpreserved and we decline to review it in the interest of justice.
As an alternative holding, we also reject defendant’s present claim on the merits. Defendant argues that his commission of strict liability offense of third-degree sexual abuse was not sufficient to satisfy the specific element of burglary that he “intended” to commit a crime when he entered the building. However, as the trial court correctly explained in its supplemental charge:
“How does the age of victim impact on intent? If the jury determines that a person intentionally went into a building for the purposes of having some sexual contact with an underaged person, even if the accused did not know the age of the under-aged person, it would not matter.
“The intent—the intent that the law would focus on under those circumstances are the intent to have sexual contact.
“And the law says that a person is responsible for the age of a person with whom they have sexual interaction of any sort, notwithstanding the fact that the actor—supposed actor did not know the actual age, even if the person who was the supposed victim informed the person of a different age than what the person actually was.”
The crimes of which the jury convicted defendant were endangering the welfare of a child and four counts of sexual abuse in the third degree. The convictions are all strict liability crimes, in which, for the sexual abuse, the victim’s lack of consent was based on the victim’s incapacity because of age (Penal Law § 130.55 [“A person is guilty of sexual abuse in the third degree when he or she subjects another person to sexual contact without the latter’s consent”]; Penal Law § 130.05 [3] [a] [“A person is deemed incapable of consent when he or she is . . . less than seventeen years old”]). And Penal Law § 260.10 (1) states: “A person is guilty of endangering the welfare of a child when . . . [h]e knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old.”
At the trial, the People established that the victim was 14 years old and defendant was 32 years old. Because these misdemeanors do not require a specific intent, can their violation satisfy the intent required for a second-degree burglary conviction?
*867 Penal Law § 140.25 (2) states: “A person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when . . . [t]he building is a dwelling.”
Matter of Gormley v New York State Ethics Commn. (11 NY3d 423 [2008]) is instructive. In discussing the Penal Law definitions of “knowingly” and “intentionally” to construe Public Officers Law § 73, the Court noted the definitions revolve around a conscious objective to engage in conduct as opposed to a conscious objective to violate a statute (id. at 427). Thus, Penal Law § 15.05 (1) states: “ ‘Intentionally.’ A person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct” (emphasis added).
Here, the trial court correctly charged the jury that all the People had to prove was that defendant entered the building intending to have sexual contact with the victim. The People did not have to prove that defendant intended to commit a crime or that he knew the victim’s age or that she was under 17, as that was irrelevant to the intention necessary for the jury to find defendant committed burglary in the second degree.
This analysis is similar to the reasoning utilized in convictions for attempt. A defendant may intend to commit a particular act but does not complete the act because of legal impossibility. Even though the crime itself may not require intent because it is a strict liability crime, the defendant may be convicted of the attempt. For instance, in a conviction for attempted rape in the second degree, the court reasoned that defendant could be convicted for attempting to have sex with a police officer who posed as a 13-year-old girl over the Internet. The “core conduct” was “[e]ngaging in sexual intercourse with a person who does not give, or is incapable of giving, consent”; the victim’s age was an additional circumstance that made the conduct felonious (People v Mormile, 28 AD3d 333, 334 [2006], lv denied 7 NY3d 759 [2006]). Likewise, the “core conduct” proscribed in the second-degree burglary statute is knowingly entering a residential building with intent to have sexual contact without consent (see also People v Saunders, 85 NY2d 339 [1995] [conviction upheld for attempt to criminally possess a weapon—a strict liability offense—although the gun was inoperable]). Concur— Saxe, J.P., Buckley, Moskowitz and Acosta, JJ.
McGuire, J., concurs in a separate memorandum as follows: Defendant’s conviction of second-degree burglary (Penal Law § 140.25 [2]) was based on proof that after approaching a 14-year-old girl on the street, he knowingly and unlawfully entered *868 a dwelling (the basement of an apartment building with which he had no connection) with the intent to engage in acts of “sexual contact” (Penad Law § 130.00 [3]) with the victim, and thus with the intent to commit conduct constituting the crimes of sexual abuse in the third degree (Penal Law § 130.55) and endangering the welfare of a child (Penal Law § 260.10 [1]). On the basis of evidence that defendant, inter alia, repeatedly kissed the victim, touched, sucked and licked her breasts and caused her to place her hand on his penis, defendant also was convicted of four counts of third-degree sexual abuse and a single count of endangering the welfare of a child.
During deliberations, the jury sent out a note seeking “clarification of intent” with regard to the burglary charge, asking “[h]ow does the age of the victim impact on intent.” In discussing the note with counsel, the court stated that “[t]he answer to their intent question is if he intended to go into the building with a person and intended to have physical contact with that person, the age does not matter. In essence, he’s stuck with the age.” Defense counsel disagreed as follows:
“[defense counsel]: No. No. No. No. I’m asking for the readback of just the burglary with just the intent because in order to commit a crime, in a burglary situation, I believe that he has to know the age of the person when he goes in. He doesn’t have to know the age of the person to commit the underlying crimes of the sex[ual] abuse.”
After brief additional discussion, the jury was brought into the courtroom and instructed as follows:
“the court: If the jury determines that a person intentionally went into a building for the purposes of having some sexual contact with an underaged person, even if the accused did not know the age of the underaged person, it would not matter.
“The intent—the intent that the law would focus on under those circumstances are [sic] the intent to have sexual contact.”
Thus, at trial defense counsel contended (contention 1) that “to commit a crime, in a burglary situation, . . . [defendant] has to know the age of the person when he goes in.” On appeal, although defendant formulates his claim in various ways, he apparently regards each as equivalent to the others and to contention 1. He contends (contention 2) that the trial court should have instructed the jury that “to satisfy the ‘intent to commit a crime’ element of burglary, the jury must find . . . that at the time [he] . . . entered the building, he . . . had the conscious objective and purpos.e of causing a particular unlawful result, knowing that result to be unlawful.” A variant of this contention (contention 2A) is that the “intent to commit a crime” ele *869 merit requires the jury to “find beyond . . . that the defendant, at the time he . . . entered the building, had the conscious objective and purpose of causing a particular unlawful result, i.e., breaking the law.” More generally, but without purporting to require proof of any intent to cause a result, he contends (contention 3) that “someone who stands accused of burglary must possess knowledge of the facts making his intended actions criminal.” He also contends (contention 3A) that to satisfy the “intent to commit a crime” element, the People were required to prove that “he . . . believe[d] that [the victim] was under the age of consent” for the third-degree sexual abuse charge, i.e., that she was less than 17 years old (Penal Law § 130.55). Defendant acknowledges that he could be convicted of the burglary charge under the alternative theory that he intended to commit the crime of endangering the welfare of a child, which requires, in relevant part, that the actor “knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old” (Penal Law § 260.10 [1]). Thus, he contends as well (contention 3B) that with “respect to the predicate offenses for burglary [third-degree sexual abuse and endangering the welfare of a child], there must be an additional showing that [he] knew the minor with whom he . . . intended to have sexual conduct was a minor.”
Without differentiating between these contentions, the majority states at the outset of its analysis that “preservation was adequate” under People v Feingold (7 NY3d 288 [2006]) “[b]ecause the trial court ruled on defense counsel’s objection,” and thus “demonstrated that it specifically confronted and resolved this issue” (internal quotation marks omitted). As noted below, however, the contentions defendant presses on appeal differ from the contention he pressed at trial. But putting aside both this discrepancy (for the moment) and that a ruling preserves an issue of law only if there is a causal nexus between the ruling and a protest by a party (People v Colon, 46 AD3d 260, 262-264 [2007]) which is not the case here, the majority’s conclusion that defendant has preserved one or more of his appellate contentions is pointless. The critical fact, which the majority recognizes, is that defendant did not ask that the jury be instructed in accordance with his position that the People were required to prove that he knew the age of the victim when he went into the building with her. Rather, he expressly asked only “for the readback of just the burglary with just the intent.” That request was far from irrational, as the court’s main charge on the element of “intent to commit a crime” might have led the jury to conclude that the People were required to prove de *870 fendant knew the victim’s age. In any event, regardless of whether defendant thereby waived the contentions he now presses upon us (cf. People v Ahmed, 66 NY2d 307, 311 [1985]), none of those contentions are preserved for review (People v Hoke, 62 NY2d 1022 [1984]; People v Hesterbay, 60 AD3d 564, 565-566 [2009], lv denied 12 NY3d 916 [2009]).
Thus, the only claim that defendant is entitled to raise on this appeal as a question of law is that the court should have simply repeated its main charge on the intent element of the burglary charge. As defendant does not make that claim, we need not decide it or any other issue. I agree with the majority, however, that any claim that the court erred by not repeating that portion of the main charge is meritless (see generally People v Malloy, 55 NY2d 296, 302 [1982], cert denied 459 US 847 [1982]), and that we should not exercise our interest of justice jurisdiction and review the contentions defendant does raise.
I also agree with the majority’s alternative holding that defendant’s appellate contentions are without merit in any event. But I also think they are unpreserved for another reason. Each of defendant’s appellate formulations of his position would require the People to prove defendant’s subjective knowledge of a legal rule, a position to which the trial court would not have been alerted by contention 1. Thus, for example, contention 2A would require the People to prove that defendant knew that the conduct he intended to commit was defined by the law to be a crime (and, to boot, that his conscious objective was to break the law); contentions 3 and 3A would require proof that defendant knew the rule of law that a person less than 17 years old cannot consent to acts of sexual contact (and that he knew the victim was less than 17 years old). By contrast, contention 1—that the People were required to prove that defendant knew the victim’s age—would require proof of defendant’s knowledge not of a rule of law but of a pure fact. Obviously, the law could require proof that a defendant knew the age of the alleged victim without also requiring proof that, the defendant knew the legal significance of that fact, i.e., either the specific rule that a person less than 17 years old cannot consent to sexual contact or the more general rule that sexual contact with a person less than 17 years old is criminal. Whether a law requiring proof only of the age of the alleged victim would be a silly law is beside the point. The point is that the specific contentions defendant seeks to raise on appeal are not preserved because defendant pressed a distinct contention at trial (cf. People v Gray, 86 NY2d 10, 20-21 [1995]).
As for the merits, defendant’s appellate contentions are, obvi *871 ously enough, at odds with the hoary maxim that ignorance of the law is no excuse (see e.g. People v Nelson, 309 NY 231, 236 [1955]). More importantly, they are at odds with the language of the Penal Law. A “crime” is a misdemeanor or a felony (Penal Law § 10.00 [6]), each of which requires the commission of “conduct,” i.e., “an act or omission and its accompanying mental state” (Penal Law § 15.00 [4]). A “person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct” (Penal Law § 15.05 [1]). Accordingly, under a plain reading of the relevant statutory language, a person “inten[ds] to commit a crime” when his conscious objective is to engage in conduct that constitutes a felony or misdemeanor. That means, in turn, that when the crime is a strict liability offense, i.e., the conduct constituting the crime does not include an accompanying mental state, a person intends to commit that crime when his or her conscious objective is simply to cause the proscribed result or to commit the proscribed conduct.
In sum, the burglary statute does not require additional proof that the defendant knew that causing the intended result or committing the intended conduct is illegal (i.e., violates a rule of law), and we cannot properly read an additional element into the statute (Matter of Chemical Specialties Mfrs. Assn, v Jorling, 85 NY2d 382, 394 [1995] [“a court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact” (internal quotation marks omitted)]). Moreover, as the Court of Appeals has stated with regard to the Penal Law provisions defining “knowingly” and “intentionally,” “[n]either mental state requires [the actor] to have knowledge of the illegality of his conduct or to have the conscious objective to violate the statute; the requirement that [the actor] be aware that his conduct was illegal is normally embodied in the term ‘wilfully’ ” (Matter of Gormley v New York State Ethics Commn., 11 NY3d 423, 427 [2008]):
In addition, acceptance of defendant’s position would entail something that is at least controversial even if some might not view it as an oddity: the more knowledgeable about the law a criminal is, the more likely it is that he will be convicted of burglary if he commits criminal trespass in a building and enters with the intent to commit conduct that constitutes a strict liability crime. Suffice it to say, it is far from obvious that the Legislature would have regarded as significantly less blameworthy a criminal who commits such a trespass but does not know *872 and does not care whether the conduct he intends to commit is a crime. Moreover, at least in some cases acceptance of defendant’s position could permit particularly blameworthy persons to avoid conviction. Consider, for example, a case like this except that the victim was less than 11 years old and the defendant knew her age but did not know the law prohibited any sexual contact with the child. Alternatively, the defendant might know the applicable rule of law, but subjectively and irresponsibly believe that the victim was 17 years old. Again, it is far from obvious that the Legislature intended that a person otherwise guilty of burglary be acquitted of that crime in either such situation. The provisions of the Penal Law “must be construed according to the fair import of their terms to promote justice and effect the objects of the law” (Penal Law § 5.00). At the very least, this legislative command does not provide clear support for defendant’s position.
Another problem with defendant’s position is that it is not clear how much knowledge the accused must have. Suppose the defendant touches the “sexual or other intimate parts” (Penal Law § 130.00 [3]) of the victim through her clothing or causes her to touch his “sexual or other intimate parts.” Must the defendant know that the law defines sexual contact to “include[ ] the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing” (id.)? In this case, to convict defendant of burglary on the theory that he intended to commit acts constituting the crime of endangering the welfare of a child, must defendant have known that the conduct he intended to commit was “likely to be injurious to the physical, mental or moral welfare” (Penal Law § 260.10 [1]) of the child? Defendant provides no answer to these questions, and it is not clear what could justify requiring the People to prove the defendant knew one legal rule (e.g., a person less than 17 years old cannot consent to acts of sexual contact) but not another legal rule (e.g., sexual contact includes touching “directly or through clothing”) defining a strict liability crime. This much is clear, however, nothing in the language of the burglary statute provides such a justification. A related problem, which I will mention but not discuss, is that it also is not clear how the text of the burglary statute could support confining defendant’s position to burglary charges predicated on intent to commit strict liability crimes.
Finally, although the parties do not discuss Penal Law § 130.10 (1), this statute provides another reason to reject defendant’s position, or at least contention 1. It provides that “[i]n any prosecution under this article in which the victim’s *873 lack of consent is based solely upon his or her incapacity to consent because he or she was mentally disabled, mentally incapacitated or physically helpless, it is an affirmative defense that the defendant, at the time he or she engaged in the conduct constituting the offense, did not know of the facts or conditions responsible for such incapacity to consent.” Thus, this affirmative defense is not available when the victim’s lack of consent is based on his or her age. Defendant’s position is in tension with the Legislature’s determination that although criminal liability should not attach when the defendant “did not know of the facts or conditions responsible [for the other specified grounds for lack of consent],” it should attach regardless of whether the defendant knew the victim was incapable of consent because of age. After all, under defendant’s view of the law, his knowledge of this particular ground for lack of capacity is essential to criminal liability attaching for the burglary. And in a burglary prosecution alleging that the defendant intended to engage in sexual conduct with a person who, for example, was mentally disabled, defendant would contradict his own position if he were to concede, consistent with the affirmative defense, that the People did not need to prove that the defendant knew at the time of the unlawful entry that the. person was mentally disabled and unable to consent. But the only alternative view of the law, that the People must prove that knowledge at the time of the unlawful entry, would render the affirmative defense pointless.