■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN BROWN, Also Known as LEON SEAN BROWN, Appellant. [23 NYS3d 237]—

Judgments, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered September 16, 2013, as amended September 20, 2013, convicting defendant, after a jury trial, of sex trafficking (three counts), promoting prostitution in the third degree (two counts) and criminal contempt in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 10 to 20 years, unanimously affirmed.

When defense counsel's cross-examination of the victim created the misleading impression that the victim's prostitution convictions were vacated as a reward for her cooperation with the People, the court properly exercised its discretion in instructing the jury that the convictions were actually vacated pursuant to a statute permitting sex trafficking victims to obtain such relief (*see* CPL 440.10 [1] [i]). The cross-examination created the necessity for such a clarifying instruction (*see e.g. People v Hesterbay*, 60 AD3d 564, 566 [1st Dept 2009], *lv denied* 12 NY3d 916 [2009]). To the extent that defendant argues that a clarifying instruction should have been given, but in different language, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the language employed by the court did not deprive defendant of a fair trial.

We reject defendant's arguments concerning to the sufficiency and weight of the evidence supporting his contempt conviction (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supports an inference that defendant knew that the order of protection against him barred contact with the specific person who was the alleged victim in this case. Concur—Friedman, J.P., Renwick, Saxe and Moskowitz, JJ.