*Acevedo v. Barr*

# In the
# United States Court of Appeals
# For the Second Circuit

---

August Term 2019

Argued: August 20, 2019
Decided: December 3, 2019

Docket No. 17-3519

---

BRAULIO DURAN ACEVEDO,

*Petitioner*,

V.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

*Respondent*,

---

Appeal from the Board of Immigration Appeals

---

Before:     HALL and LIVINGSTON, *Circuit Judges*, and RESTANI.[1]

Petition for review of a decision of the Board of Immigration Appeals

---

[1] Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

affirming a decision by an immigration judge determining petitioner to be removable and ineligible for cancellation of removal.

Petitioner argues that his convictions for attempted oral or anal sexual conduct with a person under the age of fifteen and sexual contact with a person under the age of fourteen are not convictions constituting sexual abuse of a minor under the Immigration and Nationality Act. Because we conclude that the former of these convictions is sexual abuse of a minor, and thus an aggravated felony under the Immigration and Nationality Act, his petition for review is

DENIED.

_____

ANDREA SÁENZ (Sophie Dalsimer *on the brief*), Brooklyn Defender Services, Brooklyn, New York, *for Petitioner*.

ARIC ANDERSON, Trial Attorney (Joseph H. Hunt, Assistant Attorney General, Civil Division, Kohsei Ugumori, Senior Litigation Counsel, *on the brief*) Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., *for Respondent*.

_____

JANE A. RESTANI, Judge:

Petitioner seeks relief from an order of the Board of Immigration Appeals ("BIA") affirming a decision by an Immigration Judge ("IJ") finding that he is removable for having been convicted of aggravated felonies under 8 U.S.C. § 1227(a)(2)(A)(iii). Because the court finds that Petitioner's conviction under New York Penal Law ("N.Y.P.L.") §§ 110.00, 130.45 constitutes sexual abuse of a minor,

2

and thus is an aggravated felony for purposes of the Immigration and Nationality Act ("INA"), we **DENY** the petition for review.

## BACKGROUND

Braulio Duran Acevedo is a lawful permanent resident from Mexico who has lived in the United States since December 1969. On May 19, 2015, Acevedo was convicted of attempted oral or anal sexual conduct with a person under the age of fifteen, N.Y.P.L. §§ 110.00, 130.45(1), and for sexual contact with a person under the age of fourteen, N.Y.P.L. § 130.60(2).

Following Acevedo's conviction and incarceration, the Department of Homeland Security ("DHS") served him with a Notice to Appear ("NTA") and detained him in immigration custody. Acevedo was found removable under three provisions of the INA for conviction of: aggravated felonies involving sexual abuse of a minor ("SAM"), 8 U.S.C. §§ 1101(a)(43)(A),[1] 1227(a)(2)(A)(iii); a crime of child abuse, child neglect, or child abandonment, 8 U.S.C. § 1227(a)(2)(E)(i); and two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, 8 U.S.C. § 1227(a)(2)(A)(ii).

---

[1] Although neither the IJ nor the BIA cited 8 U.S.C. § 1101(a)(43)(U) (attempt) as well as 8 U.S.C. § 1101(a)(43)(A), it is clear from the body of the opinions that they understood an attempt crime was at issue.

3

Because the IJ found that the convictions constituted aggravated felonies of SAM, Acevedo additionally was rendered ineligible for a hearing on his application for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3). Acevedo appealed the decision to the BIA, which affirmed the ruling.[2]

The BIA applied a categorical approach, considering the minimum conduct necessary to violate the state statutes under which Acevedo was convicted and determining whether such conduct falls outside the generic federal definition of SAM for the purpose of the INA, 8 U.S.C. § 1101(a)(43)(A). The BIA used the definition of "sexual abuse" found in 18 U.S.C. § 3509(a)(8)[3] as a guide in identifying crimes that qualify as SAM, rejecting Acevedo's argument that the state statutes must be an identical match with the federal crime of SAM codified in 18 U.S.C. § 2243.

The BIA also considered the Supreme Court's ruling in *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017). The BIA determined that its holding in the instant

[2] The IJ also denied Acevedo protection under the Convention Against Torture. The BIA determined Acevedo did not meaningfully challenge this decision on appeal, and therefore deemed the issue waived. Acevedo does not challenge that holding.

[3] Section 3509 defines "Child Victims' and Child Witnesses' Rights" for purposes of federal criminal procedure. 18 U.S.C. § 3509.

case was not at odds with *Esquivel-Quintana* because that case involved the limited consideration of whether sexual abuse of a minor for INA purposes requires a victim to be younger than sixteen in cases where a statutory rape offense is predicated solely on age of the participants. The BIA determined that Acevedo's convictions under N.Y.P.L. §§ 110.00, 130.45(1) and 130.60(2)[4] both categorically fit within the meaning of SAM and upheld the IJ's decision barring Acevedo's application for cancellation of removal.[5]

Acevedo argues that the Supreme Court's holding in *Esquivel-Quintana* precludes the BIA from relying on 18 U.S.C. § 3509(a) as a "definitional guide" for determining what conduct qualifies as an aggravated felony of SAM under 8 U.S.C. § 1101(a)(43)(A), § 1227(a)(2)(A)(iii). He insists that the decision requires the use of 18 U.S.C. § 2243, a federal criminal provision for SAM, as the federal generic definition of SAM. Acevedo also argues that his crimes of conviction are strict liability crimes, and thus cannot constitute aggravated felonies, which, pursuant

[4] We do not address Petitioner's arguments with respect to N.Y.P.L. § 130.60(2) as it is not necessary given our conclusion as to N.Y.P.L. §§ 110.00, 130.45(1).

[5] The BIA also upheld the determination by the IJ that Acevedo's conviction under N.Y.P.L. § 130.60 constitutes a crime of child abuse under 8 U.S.C. § 1227(a)(2)(E), and the denial of Acevedo's request to continue the proceedings. Acevedo does not raise either issue here.

to 18 U.S.C. § 2243, necessitate a more culpable *mens rea* to sustain a conviction. Accordingly, Acevedo argues that the failure of the BIA to address *mens rea* requires granting of his petition.

## JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction over questions of law that arise from BIA proceedings. 8 U.S.C. § 1252 (a)(2)(D). Because the BIA did not rely on the opinion of the IJ, but rather conducted its own legal analysis on the issues appealed, the court reviews the decision of the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

The court considers "[w]hether a conviction qualifies as a removable offense under a stated provision of the INA" *de novo*. *Mizrahi v. Gonzales*, 492 F.3d 156, 157–58 (2d Cir. 2007).

## DISCUSSION

### I. The Categorical Approach

The INA provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission" to the United States is deportable. 8 U.S.C. § 1227(a)(2)(A)(iii). Further, an aggravated felony conviction renders an individual ineligible for discretionary cancellation of removal. 8 U.S.C. § 1229b(a)(3). One

crime constituting an aggravated felony under the INA is SAM. 18 U.S.C. § 1101(a)(43)(A). Both federal and state convictions for SAM may qualify as aggravated felonies. 18 U.S.C. § 1101(a)(43).

To determine whether a conviction qualifies as an aggravated felony, we apply a categorical analysis. *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013).. A categorical analysis looks at the state statute of conviction, not the specific facts of the crime. *Id.* Therefore, the court must determine if N.Y.P.L. §§ 110.00, 130.45(1) and 130.60(2) "categorically fit[] within the 'generic' federal definition of" the corresponding aggravated felony. *Id.* at 190 (citation omitted). A state conviction is an "aggravated felony" under the INA only if the least of the acts criminalized by the state statute fall within the generic federal definition of SAM. *See Johnson v. United States*, 559 U.S. 133, 137 (2010).

The analysis here is twofold. First, the court must determine what constitutes the generic federal definition of sexual abuse of a minor. Then, the court must determine if the "least of the acts criminalized" by the relevant state provisions falls within the generic federal definition of SAM. *Esquivel-Quintana*, 137 S. Ct. at 1568.

II.    **The Federal Definition of Sexual Abuse of a Minor**

7

What constitutes "sexual abuse of a minor" is not defined by the INA.[6] The INA also does not incorporate by reference any definition in the criminal code. The legislative history of the addition of SAM to the INA's list of aggravated felonies is similarly unhelpful. Accordingly, the BIA finds "useful" guidance in the definition of "sexual abuse" found in a federal criminal procedure statute regarding "[t]he rights of child victims and child witnesses." *See In re Rodriguez-Rodriguez*, 22 I. & N. Dec. 991, 995 (B.I.A. 1999) (citing 18 U.S.C. § 3509(a)). That statutory provision defines sexual abuse as:

> [I]nclud[ing] the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children[.]

18 U.S.C. § 3509(a)(8). This court has previously granted deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) to the BIA, the agency charged with administering the INA, in its adoption of 18 U.S.C. §

---

[6] Congress added "sexual abuse of a minor" to the INA's list of aggravated felonies in 1996 as part of comprehensive immigration reform. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208 § 321(a)(1), 110 Stat. 3009-546, 3009-627 (1996) (codified as amended at 8 U.S.C. § 1104(a)(43)).

3509(a)(8) as a guide in defining what constitutes SAM. *See Mugalli v. Ashcroft*, 258 F.3d 52, 58–60 (2d Cir. 2001).

The Supreme Court in *Esquivel-Quintana*, however, avoided any issue of *Chevron* deference with respect to 18 U.S.C. § 3509(a)(8) by deciding that, for the purposes of that case, "the [INA], read in context, unambiguously forecloses the [BIA's] interpretation" *Esquivel-Quintana*, 137 S. Ct. at 1572 (noting that "[n]either the rule of lenity nor *Chevron* applie[d]"). Although the Court did not to the BIA's use of 18 U.S.C. § 3509(a)(8) in that case, it also did not foreclose the BIA's use of that statute in other instances. Accordingly, we conclude that our decision in *Mugalli* to grant deference to the BIA in its use of 18 U.S.C. § 3509(a)(8) in identifying which crimes serve as SAM under the INA survives *Esquivel-Quintana*. *See Matthews v. Barr*, 927 F.3d 606, 614–16 (2d Cir. 2019) (rejecting petitioner's argument that following *Esquivel-Quintana* the court should reconsider affording *Chevron* deference to the BIA's interpretation of a "crime of child abuse" under the INA).

Petitioner further argues that a heightened *mens rea* is required for an offense to qualify as SAM. The relevant statute, 18 U.S.C. § 3509(a)(8), does not, however, provide guidance as to the *mens rea* a defendant must possess for a

conviction to qualify as sexual abuse of a minor. Here, the BIA did not expressly analyze the *mens rea* required for a crime to qualify as SAM but found that the convictions at issue "both categorically fit within the meaning" of 18 U.S.C. § 3509(a)(8). Previously, we have at least implicitly endorsed a heightened *mens rea* requirement in order for a crime to qualify as sexual abuse of a minor. *See Oouch v. U.S. Dep't of Homeland Sec.*, 633 F.3d 119, 124 (2d Cir. 2011) (noting that the "knowing" mental state required to satisfy a conviction under N.Y.P.L. § 263.05 was "fully as stringent as the mental state implied by the actions enumerated in [18 U.S.C. § 3509(a)(8)]"). Because the INA itself and the relevant legislative history do not provide an answer as to what *mens rea* Congress intended to satisfy the INA's aggravated felony of SAM, we consider the structure of the INA, the inherent egregious nature of an aggravated felony, and closely-related statutes. *See Esquivel-Quintana*, 137 S. Ct. at 1569–70.

As noted in *Esquivel-Quintana*, the INA lists "sexual abuse of a minor" alongside murder and rape, which are "among the most heinous crimes [the INA] defines as aggravated felonies." 137 S. Ct. at 1570. Itfollows that "[t]he structure of the INA therefore suggests that sexual abuse of a minor encompasses only especially egregious felonies." *Id*. When considering the *mens rea* required for a

10

crime to serve as "sexual abuse of a minor," the court must keep in mind this categorization. This approach comports with the Supreme Court's decision on the similar question of why a crime of violence under 18 U.S.C. § 16(a) requires a higher *mens rea* than "merely accidental or negligent conduct." *Leocal v. Ashcroft*, 543 U.S. 1, 2 (2004). The Court in *Leocal* stressed the importance of considering the *mens rea* required in the light of the egregious nature of the crime and the consequences of attaching the designation "crime of violence" to a particular conviction. *See id.* at 11 (noting that interpreting the crime of violence to encompass crimes satisfied by a lesser *mens rea* "would blur the distinction between the 'violent' crimes Congress sought to distinguish for heightened punishment and other crimes."). Here too, a conviction for "sexual abuse of a minor" is categorized as an *aggravated* felony under the INA, which not only renders an individual removable, but prevents an otherwise eligible alien from seeking cancellation of removal. *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1229b(a)(3). Given the inherent seriousness of an aggravated felony and the harsh immigration consequences that come from that categorization, a knowing *mens rea* is required.

This conclusion is further supported by a closely related statute, 18 U.S.C. § 2243(a),[7] a federal substantive statute that requires a knowing *mens rea* to convict an individual for sexual abuse of a minor. *See Esquivel-Quintana*, 137 S. Ct. at 1570; 18 U.S.C. § 2243(a). Importantly, this *mens rea* applies to the conduct at issue, not to the age of the victim. *See* 18 U.S.C. § 2243(d) (providing that the "Government need not prove that the defendant knew . . . the age of the other person engaging in the sexual act");[8] *see also United States v. Robinson*, 702 F.3d 22, 33 (2d Cir. 2012) (noting that "[c]ourts have uniformly interpreted [Section 2243 and another similar federal statute] as disclaiming *mens rea* requirements with respect to the victim's age")(collecting cases).

This understanding aligns with the categorization of SAM as an aggravated felony, Supreme Court guidance on similar issues, relevant federal statutes, and decisions of the other Courts of Appeals that have directly opined on this question, all of which have required that a perpetrator act with either knowledge or purpose. *See, e.g., Bedolla-Zarate v. Sessions*, 892 F.3d 1137, 1141 (10th Cir. 2018) (sexual abuse

---

[7] As noted in *Esquivel-Quintana*, the court turns to "§ 2243(a) for evidence of the meaning of sexual abuse of a minor, but not as providing the complete or exclusive definition." *Esquivel-Quintana*, 137 S. Ct. at 1571.

[8] *See infra* discussion of affirmative defenses.

of a minor under the INA requires a *mens rea* of knowledge); *Larios-Reyes v. Lynch*, 843 F.3d 146, 159 (4th Cir. 2016) (finding that sexual abuse of a minor requires a perpetrator to act with "a purpose associated with sexual gratification") (internal quotation marks and citation omitted); *United States v. Martinez*, 786 F.3d 1227, 1231 (9th Cir. 2015) (sexual abuse of a minor requires knowledge); *United States v. Padilla-Reyes*, 247 F.3d 1158, 1163 (11th Cir. 2001) (a perpetrator must act with purpose).

### III. Whether N.Y.P.L. § 130.45 constitutes sexual abuse of a minor under the INA

We now address whether N.Y.P.L. § 130.45 has the requisite *mens rea* element to serve as a predicate crime of SAM and whether all conduct criminalized by the statute is subsumed within the federal definition. By its text, the statute does not indicate the *mens rea* required for conviction:

> A person is guilty of criminal sexual act in the second degree when:
>
> 1. being eighteen years old or more, he or she engages in oral sexual conduct[9] or anal sexual conduct[10] with another person less than fifteen years old;

---

[9] Oral sexual conduct is "conduct between persons consisting of contact between the mouth and the penis, the mouth and the anus, or the mouth and the vulva or vagina." N.Y.P.L. § 130.00(2)(a).

[10] Anal sexual conduct is "conduct between persons consisting of contact between the penis and anus." N.Y.P.L. § 130.00(2)(b).

13

N.Y.P.L. § 130.45(1).

The government argues that, together, N.Y.P.L. § 110.00 and § 130.45(1) include a *mens rea* element because N.Y.P.L. § 110.00 is an attempt statute, and attempt crimes are definitionally intentional. The court need not address this argument because it is clear that the conduct criminalized under N.Y.P.L. § 130.45 cannot, under any realistic assessment, occur without the perpetrator's knowledge or intent to commit the criminalized sexual conduct.

New York law makes clear that "[a] statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, should be construed as defining a crime of mental culpability." N.Y.P.L. § 15.15(2). Although Petitioner is likely correct that N.Y.P.L. § 130.45 is a strict liability crime in some sense,[11] he

_____

[11] Acevedo does not reference legislative history supporting the notion that § 130.45 is a strict liability crime, and the court finds nothing definitive in its search, but New York courts have found that similar statutes define strict liability offenses. *See People v. Reyes*, 908 N.Y.S.2d 14, 16–17 (N.Y. App. Div. 2010) (holding that a conviction for N.Y.P.L. § 130.55, sexual abuse in the third degree, where lack of consent was based on victim's age under N.Y.P.L. § 130.05(3)(a), was a strict liability crime); *People v. Mormile*, 812 N.Y.S.2d 524, 525 (N.Y. App. Div. 2006) (finding that N.Y.P.L. § 130.30(1), engaging in sexual intercourse with a person less than fifteen years old while being over the age of eighteen, is a strict liability offense). Although there is not a definitive case on whether § 130.45 specifically is a strict liability statute, given that other very similar crimes are considered strict liability crimes, the court will assume the same for the statute at

14

neither points to a single case nor posits any realistic hypothetical situation in which an individual could be convicted under this provision without knowingly committing the sexual act. Likewise, we can think of no factual situation that could realistically lead to conviction under this statute that would involve a perpetrator with a less than "knowing" *mens rea* as to the conduct involved. [12] The categorical approach "is not an invitation to apply legal imagination to the state offense; there must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Moncrieffe*, 569 U.S. at 191 (internal quotation marks and citation omitted). As we have stated, "each category of sexual conduct under New York law is subsumed in the federal definition of sexually explicit conduct." *Oouch*, 633 F.3d at 123 (internal quotation marks omitted).

Petitioner also claims that New York's lack of a mistake-of-age defense precludes the court's holding. *See* N.Y.P.L. § 15.20(3) (noting that knowledge of a

---

issue here, at least with regard to the victim's age.

[12] Although neither of Acevedo's convictions allows for an affirmative mistake of age defense, an individual could still assert other defenses to this charge such as infancy, N.Y.P.L. §30.00; duress, N.Y.P.L. § 40.00; entrapment, N.Y.P.L. § 40.05; renunciation, N.Y.P.L. § 40.10; or mental disease or defect, N.Y.P.L. § 40.15.

child's age is neither an element nor a defense to the crimes at issue). The federal crime of sexual abuse of a minor does allow for a mistake of age affirmative defense.[13] *See* 18 U.S.C. § 2243(c) (allowing a reasonable mistake of age defense in situations where the perpetrator believed that the victim was sixteen, when the victim was at least twelve). But to determine whether the generic meaning of sexual abuse of a minor requires such a defense, the court may look to state criminal codes. *See Esquivel-Quintana*, 137 S. Ct. at 1571 (collecting state criminal codes in assessing the generic age of consent); *Taylor*, 495 U.S. at 598 (looking to state criminal codes to determine the generic definition of burglary). Shortly after the addition of "sexual abuse of a minor" to the list of aggravated felonies in the INA in 1996, a mistake of age defense to statutory rape was not available in the majority of jurisdictions. *See* Colin Campbell, Annotation, *Mistake or Lack of Information as to Victim's Age as Defense to Statutory Rape*, 46 A.L.R. 5th 499, ¶ 3 (1997) (noting that courts in thirty-four states have ruled that mistake of age is not a defense to statutory rape); *see also* Catherine L. Carpenter, *On Statutory Rape,*

---

[13] The Supreme Court declined to adopt 18 U.S.C. § 2243 in its entirety as the definition of SAM given that the INA does not cross-reference that definition in defining sexual abuse of a minor, as it does with other aggravated felonies and because to do so "would categorically exclude the statutory rape laws of most States" as section 2243(a) requires a four-year age difference that many states do not require. *Esquivel-Quintana*, 137 S. Ct. at 1571.

*Strict Liability, and the Public Welfare Offense Model,* 53 Am. U. L. Rev. 313, 385–91 (2003) (noting that statutory rape laws in twenty-nine states and the District of Columbia impose strict liability, typically without a mistake of age defense). To find that a lack of mistake of age defense puts a state statute outside the bounds of SAM under the INA would be to exclude the majority of state crimes for statutory rape that existed at the time the statute was broadened, a result we conclude is directly at odds with Congress's intent in adding SAM to the list of INA aggravated felonies. *See Esquivel-Quintana*, 137 S. Ct. at 1571 (rejecting an interpretation of SAM that would exclude the majority of state statutory rape laws).

## CONCLUSION

For the foregoing reasons, the court finds that Acevedo's conviction under N.Y.P.L. § 130.45 is properly classified as sexual abuse of a minor under the INA as it does not encompass more conduct than the generic federal definition and cannot realistically result in an individual's conviction for conduct made with a less than knowing *mens rea*.