**PRECEDENTIAL**


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1740
_____


LUIS FERNANDO GRIJALVA MARTINEZ,
a/k/a Luis Grijalva,
a/k/a Luis Martinez,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(No. A204-865-313)
_____

Argued September 30, 2020
_____

Before: SHWARTZ, PHIPPS, and FISHER, <u>Circuit Judges</u>.

(Filed: October 21, 2020)

_____

OPINION
_____

Susan G. Roy [ARGUED]
Law Office of Susan G. Roy
Suite 101
163 Cranbury Road
Princeton Junction, NJ 08550
*Counsel for Petitioner*

Dana M. Camilleri [ARGUED]
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Washington, DC 20044
*Counsel for Respondent*

SHWARTZ, Circuit Judge.

Luis Fernando Grijalva Martinez petitions for review of an order of the Board of Immigration Appeals ("BIA") (1) holding that Grijalva Martinez was removable as an alien convicted of both an aggravated felony and a crime involving moral turpitude ("CIMT"), and (2) finding him ineligible for withholding of removal and protection under the Convention Against Torture ("CAT"). Because Grijalva Martinez's state conviction for criminal sexual contact constitutes both a CIMT and an aggravated felony, and because he is not entitled to withholding of removal or CAT relief, we will deny the petition for review.

2

I

Grijalva Martinez is a citizen of Guatemala. In November 2013, his status was adjusted from asylee to lawful permanent resident. In May 2016, he was convicted in the New Jersey Superior Court of criminal sexual contact, in violation of N.J. Stat. Ann. § 2C:14-3(b), and of endangering the welfare of children, in violation of N.J. Stat. Ann. § 2C:24-4(a)(1). The Government subsequently commenced removal proceedings against Grijalva Martinez, alleging that he was removable as an alien convicted of a CIMT, an aggravated felony, and a crime of child abuse, child neglect, or child abandonment. In proceedings before an Immigration Judge ("IJ"), Grijalva Martinez denied that the conviction rendered him removable, and applied for withholding of removal and CAT protection. With respect to his applications for relief, Grijalva Martinez asserted that he feared violence at the hands of gang members, including his former stepfather.

The IJ sustained the removability charges, finding that Grijalva Martinez's conviction for criminal sexual contact was both a CIMT under 8 U.S.C. § 1227(a)(2)(A)(i) and an aggravated felony, namely, sexual abuse of a minor, under § 1227(a)(2)(A)(iii). The IJ also found that Grijalva Martinez was ineligible for withholding of removal because he was convicted for criminal sexual contact, a particularly serious crime under 8 U.S.C. § 1231(b)(3)(B)(ii) and that Grijalva Martinez was ineligible for CAT relief because he had not established that he would be subject to torture if removed to Guatemala.

Grijalva Martinez appealed to the BIA, which dismissed the appeal. The BIA held that Grijalva Martinez was

3

removable because he had been convicted of both a CIMT and an aggravated felony.[1]  The BIA also adopted the IJ's findings and conclusions denying Grijalva Martinez's requests for withholding of removal and CAT relief.

Grijalva Martinez petitions for review, arguing that the IJ and BIA (1) erred in concluding that criminal sexual contact is an aggravated felony, (2) erred in concluding that his conviction is for a particularly serious crime, and (3) failed to apply the proper legal framework to his CAT claim.

II[2]

---

[1] Because the BIA found that Grijalva Martinez's conviction constituted both a CIMT and an aggravated felony, it determined that it did not need to address the IJ's conclusion that Grijalva Martinez was also removable for having been convicted of a crime of child abuse, child neglect, or child abandonment under 8 U.S.C. § 1227(a)(2)(E)(i).

[2] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3).  Though we lack jurisdiction to review orders that remove aliens convicted of certain CIMTs, aggravated felonies, and certain other crimes, see 8 U.S.C. § 1252(a)(2)(C); Francisco-Lopez v. Att'y Gen., 959 F.3d 108, 112 n.1 (3d Cir. 2020); Restrepo v. Att'y Gen., 617 F.3d 787, 790 (3d Cir. 2010), we retain jurisdiction to review "constitutional claims or questions of law," § 1252(a)(2)(D), and "we have jurisdiction to determine our jurisdiction under § 1252(a)(2)(C)," Drakes v. Zimski, 240 F.3d 246, 247 (3d Cir. 2001), meaning that we have jurisdiction to address the "jurisdictional prerequisite" of whether an alien's prior convictions constitute CIMTs, aggravated felonies, or other

4

Grijalva Martinez does not challenge the BIA's ruling that his conviction for criminal sexual contact constitutes a CIMT, a finding that provides a ground for removal.[3] He does,

criminal offenses that trigger § 1252(a)(2)(C)'s jurisdictional bar, Restrepo, 617 F.3d at 790.

[3] Grijalva Martinez's decision not to challenge one of the two grounds upon which he was found removable leaves intact a ground for his removal. In such a case, we may forgo review of the challenged ground if review would be "futile." Ricketts v. Att'y Gen., 955 F.3d 348, 351 (3d Cir. 2020) (citing N.L.R.B. v. Wyman-Gordon Co., 394 U.S. 759, 766 n.6 (1969)); see also, e.g., Genego v. Barr, 922 F.3d 499, 502 (2d Cir. 2019) (holding that review may be "unnecessary if it would be pointless or futile, such as where there is an alternative and sufficient basis for the result" (citations omitted)). Put differently, we can decline to review Grijalva Martinez's challenge to the agency's aggravated-felony determination if any error therein is "harmless" and would "not affect the outcome of [his] case." Guadalupe v. Att'y Gen., 951 F.3d 161, 166-67 (3d Cir. 2020) (quoting Li Hua Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011)).

However, the BIA's classification of Grijalva Martinez as an aggravated felon precludes him from applying for certain relief from removal. In particular, under 8 U.S.C. § 1229b(a)(3), Grijalva Martinez is eligible to apply for cancellation of removal only if he "has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3); see also Randhawa v. Ashcroft, 298 F.3d 1148, 1151 n.1 (9th Cir. 2002) (holding that an alien's CIMT convictions did not "automatically render harmless any error in the BIA's discussion of the aggravated felony issue" because aggravated felons are not eligible to apply for cancellation of removal,

however, dispute that the conviction constitutes an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii).

The Immigration and Nationality Act ("INA") defines the term "aggravated felony" to include "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A); see also Restrepo v. Att'y Gen., 617 F.3d 787, 791 (3d Cir. 2010). To determine whether Grijalva Martinez's conviction for criminal sexual contact under N.J. Stat. Ann. § 2C:14-3(b) constitutes sexual abuse of a minor, "we employ the 'categorical approach' of Taylor v. United States, 495 U.S. 575 (1990)." Restrepo, 617 F.3d at 791 (citing Nijhawan v. Holder, 557 U.S. 29, 34, 37 (2009)); see also Esquivel-Quintana v. Sessions, 137 S. Ct. 1562, 1567-68 (2017). Here, "[t]he categorical approach requires a two step analysis: first, we must ascertain the definition for sexual abuse of a minor, and second, we must compare this 'federal' definition to the state statutory offense in question." Restrepo, 617 F.3d at 791 (citing Singh v. Ashcroft, 383 F.3d 144, 153 (3d Cir. 2004)). The statutory offense is defined by its elements. "If [the type of] conduct that meets the federal definition of sexual abuse of a minor" would meet the elements for a conviction for criminal sexual contact under New Jersey law, then Grijalva Martinez's conviction "qualifies as a conviction for sexual abuse of a minor and, by extension, an

---

whereas some CIMT offenders are). Moreover, the aggravated felony designation impacts Grijalva Martinez's eligibility to seek a waiver of inadmissibility. See 8 U.S.C. § 1182(a)(9)(A)(i)-(ii). Because an aggravated felony designation imposes collateral consequences that a CIMT does not, we will review the aggravated felony determination in this case.

aggravated felony for which [Grijalva Martinez] is removable." Id.

A

Two of our precedents inform the first step of this analysis. First, in Restrepo, we deferred to the BIA's definition of the term "sexual abuse of a minor" in the INA, holding that the term is "most appropriately defined by" 18 U.S.C. § 3509(a)(8), which defines "sexual abuse" as including "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children." Restrepo, 617 F.3d at 796 (quoting 18 U.S.C. § 3509(a)(8)). We noted that the BIA viewed § 3509(a)(8) not "as a restrictive or limiting definition," but rather "as a guide in identifying the types of crimes we would consider to be sexual abuse of a minor." Id. at 796 n.10 (quoting Matter of Rodriguez-Rodriguez, 22 I. & N. Dec. 991, 996 (B.I.A. 1999)).

Second, in Cabeda v. Attorney General, 971 F.3d 165 (3d Cir. 2020), we reaffirmed that § 3509(a)(8) is the touchstone of the federal generic definition of "sexual abuse of a minor" under the INA, but we also noted that § 3509(a)(8) "does not specify a mens rea requirement." Id. at 173. Because we could not "defer to a nullity," we "look[ed] elsewhere to discern the mens rea required to establish the generic federal crime." Id. Specifically, we looked to "the structure of the INA, the inherent egregious nature of an aggravated felony, and," perhaps most importantly, a "closely-related statute[],"

7

18 U.S.C. § 2243.  Id. (quoting Acevedo v. Barr, 943 F.3d 619, 624 (2d Cir. 2019)).

Section 2243, a federal criminal statute entitled "sexual abuse of a minor or ward," requires "knowing conduct as to the sexual act in question" but "establishes that no knowledge at all is required with respect to the victim's age."  Id. (citing 18 U.S.C. § 2243); see also Acevedo, 943 F.3d at 624 ("[C]ourts have uniformly interpreted [Section 2243 and another similar federal statute] as disclaiming mens rea requirements with respect to the victim's age." (second alteration in original) (emphasis omitted) (quoting United States v. Robinson, 702 F.3d 22, 33 (2d Cir. 2012))).  In Cabeda, we imported § 2243's scienter standard for the actus reus, the sexual act, into the federal generic offense of sexual abuse of a minor, holding that the federal generic offense requires knowing conduct as to the sexual act, 971 F.3d at 173-74.  We had no need, however, to address whether § 2243's proviso that the Government need not prove that the perpetrator knew the victim's age applies to the federal generic offense.  Id.

Today, we conclude that the federal generic offense includes both components of § 2243.  Section 2243 criminalizes sexual contact with minors.  Thus, it complements § 3509's protection of minors who were victims of a sexual contact.  Like similar state statutes concerning sexual contact with minors, see, e.g., infra n.9, § 2243 does not require proof that the defendant knew the victim's age.  See 18 U.S.C. § 2243(d)(1).  Moreover, to impose a requirement that the perpetrator know the victim's age would exclude from the federal generic offense a swath of sexual conduct unlawful under many state laws.  See Esquivel-Quintana, 137 S. Ct. at 1571 (holding that courts may "look to state criminal codes for

8

additional evidence about the generic meaning of sexual abuse of a minor"); Acevedo, 943 F.3d at 626 (same); Catherine L. Carpenter, On Statutory Rape, Strict Liability, and the Public Welfare Offense Model, 53 Am. U. L. Rev. 313, 343-44 (2003) (surveying jurisdictions and noting that a majority of states, "substitute[] strict liability for a requirement of mens rea" in their statutory rape laws). Thus, we join our sister circuits and hold that the federal generic offense of sexual abuse of a minor under the INA contains no scienter requirement as to the victim's age.[4] See, e.g., Bedolla-Zarate v. Sessions, 892 F.3d 1137, 1141 (10th Cir. 2018); Contreras v. Holder, 754 F.3d 286, 295 (5th Cir. 2014).

As a result, the federal generic offense of sexual abuse of a minor requires proof that the defendant (1) knowingly engaged in an act that constitutes criminal sexual contact; and (2) engaged in such an act with a person who is of the age the statute covers, without the need for the government to prove that the defendant knew or reasonably should have known the person's age.

---

[4] Because we focus on the elements of the crime when applying the categorical approach, see Restrepo, 617 F.3d at 791, the fact that § 2243 contains an affirmative defense concerning the defendant's knowledge of the victim's age, see 18 U.S.C. § 2243(c)(1), is of no consequence. The statute is clear that proof of the victim's age is not an element of the crime, see § 2243(d)(1) (providing that "the Government need not prove that the defendant knew . . . the age of the other person engaging in the sexual act"). Cf. Smith v. United States, 568 U.S. 106, 110 (2013) (distinguishing between elements and affirmative defenses).

9

B

Having identified the elements of the federal generic definition for sexual abuse of a minor, we next examine the elements of criminal sexual contact under N.J. Stat. Ann. § 2C:14-3(b) to determine whether the offenses categorically match. Section 2C:14-3(b) provides that a defendant is guilty "if he commits an act of sexual contact with the victim under any of the circumstances set forth in section 2C:14-2c. (1) through (5)." Section 2C:14-2(c)(1)-(5), in turn, sets forth a series of "alternatively phrased" factual scenarios.[5] We must

---

[5] The scenarios set forth in N.J. Stat. Ann. § 2C:14-2(c) are:

> (1) The actor commits the act using coercion or without the victim's affirmative and freely-given permission, but the victim does not sustain severe personal injury;
> (2) The victim is on probation or parole, or is detained in a hospital, prison or other institution and the actor has supervisory or disciplinary power over the victim by virtue of the actor's legal, professional or occupational status;
> (3) The victim is at least 16 but less than 18 years old and:
>> (a) The actor is related to the victim by blood or affinity to the third degree; or
>> (b) The actor has supervisory or disciplinary power of any nature or in any capacity over the victim; or
>> (c) The actor is a resource family parent, a guardian, or stands in loco parentis within the household;

accordingly decide whether these alternatively listed items are "elements" of the offense or "means" to commit it. Mathis v. United States, 136 S. Ct. 2243, 2256 (2016). Our review of the statute reveals that each subsection requires proof of a fact not required by another subsection. As a result, each subsection contains a separate element that must be proven to secure a conviction. New Jersey's model jury instructions confirm this conclusion. The instructions list the four subsections in Grijalva Martinez's statute of conviction in the alternative, thus reflecting that each is an element. NJ J.I. CRIM 2C:14-3b. Furthermore, jurors must be unanimous as to whether the government has proven each element of the offense. NJ J.I. CRIM Non 2C Charges. The need for jury unanimity also shows that the subsections embody elements of, not a means to commit, the offense. See Hillocks v. Att'y Gen., 934 F.3d 332, 339 (3d Cir. 2019) (concluding that elements are those "that

---

(4) The victim is at least 13 but less than 16 years old and the actor is at least four years older than the victim;

(5) The victim is a pupil at least 18 but less than 22 years old and has not received a high school diploma and the actor is a teaching staff member or substitute teacher, school bus driver, other school employee, contracted service provider, or volunteer and the actor has supervisory or disciplinary power of any nature or in any capacity over the victim. As used in this paragraph, "teaching staff member" has the meaning set forth in N.J.S.18A:1-1.

11

need to be found unanimously beyond a reasonable doubt" by a trial jury).

When a crime has multiple alternate elements, we apply a "modified categorical approach," under which we may examine "a limited set of documents to see which of the alternatives served as the basis for the individual's conviction." Id. at 338 (citing Descamps v. United States, 570 U.S. 254, 269-70 (2013); Mathis, 136 S. Ct. at 2249). Among the documents we may consider in making this assessment is the charging instrument, although in looking at this instrument, we remain focused on the elements, not the facts, of the crime. See United States v. Brown, 765 F.3d 185, 189-90 (3d Cir. 2014) (quoting Descamps, 570 U.S. at 263), as amended (Nov. 4, 2014). Grijalva Martinez's indictment alleged that he committed criminal sexual contact against a victim who was at least 13 but less than 16 years old while he was at least four years older than her, allegations that align with the offense set forth at N.J. Stat. Ann. § 2C:14-2(c)(4).[6]

We will therefore compare the elements of the offense set forth at N.J. Stat. Ann. §§ 2C:14-3(b) and 2C:14-2(c)(4) with those of the federal generic offense. N.J. Stat. Ann. §§ 2C:14-3(b) and 2C:14-2(c)(4) criminalize engaging in "sexual contact" with a victim, § 2C:14-3(b), when "[t]he victim is at least 13 but less than 16 years old and the [defendant] is at least four years older than the victim," § 2C:14-2(c)(4). This offense has two components: a knowing act and the ages of the victim and defendant. The act is "sexual

---

[6] The BIA also found that § 2C:14-2(c)(4) was the basis for Grijalva Martinez's conviction, and he does not challenge this conclusion in his petition for review.

12

contact." Sexual contact is defined under New Jersey law as "an intentional touching by the victim or actor, either directly or through clothing, of the victim's or actor's intimate parts for the purpose of degrading or humiliating the victim or sexually arousing or sexually gratifying the actor," which is performed "in view of the victim whom the actor knows to be present." N.J. Stat. Ann. § 2C:14-1(d). Section 3509(a) "defines 'sexually explicit conduct' to include 'sexual contact[,]' which refers to 'the intentional touching, either directly or through clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify sexual desire of any person.'" Restrepo, 617 F.3d at 800 (alteration in original). As we observed in Restrepo, the "breadth of conduct encompassed by these provisions" makes "plain that"[7] the conduct described in New Jersey's definition of the term "sexual contact" also captures the conduct the federal generic offense prohibits.[8] Id.

---

[7] In Restrepo, we rejected an attempt to define the federal generic definition of "sexual contact" more narrowly, given that a narrower definition would improperly exclude numerous state definitions of sexual contact, including that of New Jersey. 617 F.3d at 795 & n.7; see also Esquivel-Quintana, 137 S. Ct. at 1571 (holding that courts may "look to state criminal codes for additional evidence about the generic meaning of sexual abuse of a minor").

[8] The petitioner in Restrepo was convicted of aggravated criminal sexual contact in violation of N.J. Stat. Ann. §§ 2C:14-3(a) and 2C:14-2(a)(2)(a), an offense that criminalizes engaging in "sexual contact" with a victim, § 2C:14-3(a), when "[t]he victim is at least 13 but less than 16 years old," § 2C:14-2(a)(2), and the defendant "is related to the victim by blood or affinity to the third degree," § 2C:14-

Turning to the age component, both the federal generic offense and the New Jersey statute make it a crime to engage in the prohibited acts with individuals who are at least 13 but less than 16. See Esquivel-Quintana, 137 S. Ct. at 1568 ("[T]he generic federal definition of sexual abuse of a minor requires that the victim be younger than 16."); N.J. Stat. Ann. § 2C:14-2(c)(4) (covering criminal sexual contact with a victim who is least 13 but less than 16, and four years younger than the defendant). Neither the federal generic offense nor the New Jersey law requires the government to prove that the defendant knew the age of the victim. Rather, a defendant can be convicted of criminal sexual contact even if he did not know, and even if he could not reasonably have known, that the victim was underage. See 18 U.S.C. § 2243(d) (providing that in a prosecution for sexual abuse of a minor, "the Government need not prove that the defendant knew . . . the age of the other person engaging in the sexual act"); N.J. Stat. Ann. § 2C:14-5(c) ("It shall be no defense to a prosecution for a crime under this chapter that the actor believed the victim to be above the age stated for the offense, even if such a mistaken

---

2(a)(2)(a). See 617 F.3d at 789, 800. Applying the modified categorical approach, we held that this crime was a match for sexual abuse of a minor under the INA. Id. at 800. The only difference between the elements of Grijalva Martinez's conviction and those of the conviction of the petitioner in Restrepo is the age of the defendant and the relation that he bears to the victim. Compare N.J. Stat. Ann. § 2C:14-2(a)(2)(a), with N.J. Stat. Ann. § 2C:14-2(c)(4). For the purposes of applying the categorical approach and examining the conduct captured by the act of criminal sexual contact, the statutes here and in Restrepo are not materially different.

14

belief was reasonable.").[9] Thus, because a knowing criminal sexual act involving a victim of a particular age, whose age may not be known to the perpetrator, is an element of both the federal generic offense and the New Jersey criminal sexual contact offense, the two are a categorical match. Because a crime that fits under the federal generic offense of sexual abuse of a minor is an aggravated felony, and because Grijalva Martinez's crime of conviction matches the definition of the federal generic offense, the BIA correctly concluded that Grijalva Martinez's conviction constitutes an aggravated felony that renders him removable.

---

[9] See also State v. Perez, 832 A.2d 303, 312 (N.J. 2003) (noting that the "standard in respect of a victim's age" under N.J. Stat. Ann. § 2C:14 is "only objective proof that the alleged victim was a child under the age of [consent], not that the accused knew or reasonably should have known that fact"); State v. Saponaro, No. A-0741-15T3, 2017 WL 2348869, at *2 (N.J. Super. Ct. App. Div. May 31, 2017) ("We have long held that a mistaken belief as to the age of a victim in an age-based sexual crime is not a defense. . . . 'The crime has been defined by the Legislature in terms which negate any element of criminal intent on the part of the actor.' . . . Our Legislature recognized that children should be protected—without regard to a perpetrator's knowledge of the minor's age—from sexual assaults. . . ." (quoting State v. Moore, 253 A.2d 579, 581 (N.J. Super. Ct. App. Div. 1969))); NJ J.I. CRIM §§ 2C:14-3b, 2C:14-2(c)(4) (model jury instructions).

Grijalva Martinez contends that he is entitled to withholding of removal because he was not convicted of a particularly serious crime. Under the INA, "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). However, "withholding of removal is unavailable if [an] alien committed a 'particularly serious crime' because, in such a case, the alien is considered a 'danger to the community of the United States.'" Flores v. Att'y Gen., 856 F.3d 280, 285 (3d Cir. 2017) (quoting 8 U.S.C. § 1231(b)(3)(B)(ii)).

Grijalva Martinez asserts that he is not subject to the particularly serious crime bar because only aggravated felonies can be particularly serious crimes and he was not convicted of an aggravated felony. Grijalva Martinez is wrong for three reasons. First, as just explained, Grijalva Martinez was indeed

---

[10] We have jurisdiction to review Grijalva Martinez's withholding-of-removal claim because it raises a question of "[w]hether an IJ applied the correct legal standard." Luziga v. Att'y Gen., 937 F.3d 244, 251 (3d Cir. 2019) (alteration in original) (internal quotation marks and citation omitted); see also § 1252(a)(2)(D); Nkomo v. Att'y Gen., 930 F.3d 129, 135 (3d Cir. 2019). We review the agency's classifications of particularly serious crimes "de novo, subject to Chevron principles of deference." Denis v. Att'y Gen. 633 F.3d 201, 205-06 (3d Cir. 2011); see also Luziga v. Att'y Gen., 937 F.3d 244, 251 (3d Cir. 2019).

16

convicted of an aggravated felony, and he is therefore statutorily precluded from applying for withholding of removal. See 8 U.S.C. § 1231(b)(3)(B). Second, even if Grijalva Martinez had not been convicted of an aggravated felony, offenses that are not aggravated felonies can be particularly serious crimes. See Bastardo-Vale v. Att'y Gen., 934 F.3d 255, 266-67 (3d Cir. 2019) (en banc) (holding that "both aggravated felonies and other offenses can be particularly serious crimes," given that "aggravated felonies [are only one] subset of particularly serious crimes"). Third, even if Grijalva Martinez's offense does not qualify as an aggravated felony, the IJ did not err in concluding that Grijalva Martinez was convicted of a particularly serious crime.

An IJ has "broad discretion" to determine whether a prior conviction is a particularly serious crime, Nkomo v. Att'y Gen., 930 F.3d 129, 134 (3d Cir. 2019), through a "case-by-case adjudication," Denis v. Att'y Gen., 633 F.3d 201, 214 (3d Cir. 2011) (citation and internal quotation marks omitted); see also Bastardo-Vale, 934 F.3d at 262. In making this determination, the IJ may consider "such factors as [1] the nature of the conviction, [2] the circumstances and underlying facts of the conviction, [3] the type of sentence imposed, and, most importantly, [4] whether the type and circumstances of the crime indicate that the alien will be a danger to the community." Luziga v. Att'y Gen., 937 F.3d 244, 252 (3d Cir. 2019) (alterations in original) (quoting Matter of Frentescu, 18 I. & N. Dec. 244, 247 (B.I.A. 1982)).

Grijalva Martinez was convicted of criminal sexual contact for groping the "buttocks and vaginal area" of a teenage girl at the beach, after exposing himself to her and two other girls of similar ages. AR 299-300. The IJ "properly considered

17

the nature of [these] acts," Denis, 633 F.3d at 217, finding that Grijalva Martinez had committed "numerous offenses that included public lewdness for having exposed himself and sexually inappropriate physical contact with the victims," AR 95. Despite Grijalva Martinez's protestations of his innocence, we agree with the IJ that there was "overwhelming evidence," AR 95, that Grijalva Martinez repeatedly and deliberately engaged in these acts. The seriousness of Grijalva Martinez's conduct is also reflected in his sentence. The sentencing court itself noted the harm that Grijalva Martinez inflicted on the victim and his risk of recidivism. As a result, Grijalva Martinez was sentenced to several months' imprisonment, ordered to serve a lifetime term of parole, and directed to register as a sex offender. Given these facts, the IJ's finding was "a permissible reading and application of the phrase ['particularly serious crime']," and "we will not disturb [the IJ's] determination" that Grijalva Martinez was convicted of a particularly serious crime. Denis, 633 F.3d at 216.

## IV[11]

The IJ and BIA also did not err in denying Grijalva Martinez CAT relief. Although Grijalva Martinez encountered

---

[11] Because the jurisdictional limitations in § 1252(a)(2)(C)-(d) "do not preclude judicial review of a noncitizen's factual challenges to a CAT order," we have jurisdiction to review Grijalva Martinez's CAT claim. Nasrallah v. Barr, 140 S. Ct. 1683, 1694 (2020). Because the BIA here adopted the IJ's reasons concerning the denial of CAT relief, "we review both the BIA and IJ decisions." Oliva-Ramos v. Att'y Gen., 694 F.3d 259, 270 (3d Cir. 2012) (internal quotation marks and citation omitted). "The standard

several episodes of random violence in Guatemala, such as an armed robbery and an attempted vehicular manslaughter, he presented no evidence showing a "connection or common motive" behind the crimes that he witnessed, AR 103, and no evidence that the crimes occurred with the acquiescence of government officials apart from country condition reports. Moreover, there is substantial evidence to support the IJ's conclusion that the country condition reports did not establish any likelihood that Grijalva Martinez himself would be tortured there. See Tarrawally v. Ashcroft, 338 F.3d 180, 188 (3d Cir. 2003) (holding that country condition reports "alone [were] insufficient to demonstrate that it is more likely than not that a particular civilian, in this case [the petitioner], will be tortured" if returned to his home country). Thus, the BIA and IJ did not err in finding Grijalva Martinez ineligible for CAT relief.

V

For the foregoing reasons, we will deny the petition for review.

---

of review [for factual challenges to CAT determinations] is the substantial-evidence standard: [t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Nasrallah, 140 S. Ct. at 1692 (quoting 8 U.S.C. § 1252(b)(4)(B)).

19