NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 19-1826 and 19-3379
_____

JULIAN DAVID ZAMORANO BALANTA,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A044-165-282
(U.S. Immigration Judge: Honorable John P. Ellington)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 8, 2021

Before: JORDAN, SCIRICA, and RENDELL, *Circuit Judges*.

(Filed: February 2, 2021)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Petitioner Julian David Zamorano Balanta seeks review of decisions by the Board of Immigration Appeals (BIA) finding him removable, denying his applications for withholding of removal and deferral of removal under the Convention Against Torture, and denying his motion to reopen removal proceedings. We will deny the petitions.

I

Zamorano Balanta, a citizen of Colombia, first entered the United States in 1993 as a lawful permanent resident. In 2013, he was charged with three counts for his participation in a scheme to fraudulently obtain federal tax refunds. Zamorano Balanta pleaded guilty to one of these counts—conspiracy to defraud the United States, in violation of 18 U.S.C. § 286. In the guilty plea agreement, the parties stipulated that the scheme caused the Internal Revenue Service (IRS) a loss of between $2,500,000 and $7,000,000. As a result of the conviction, Zamorano Balanta was sentenced to forty-eight months' imprisonment and ordered to pay $2,500,000 to the IRS in restitution.

In April 2018, the Department of Homeland Security (DHS) commenced removal proceedings against Zamorano Balanta under 8 U.S.C. § 1227(a)(2)(A)(iii), which provides that a noncitizen who has been convicted of an aggravated felony is removable. DHS cited 8 U.S.C. § 1101(a)(43)(M)(i), which defines "aggravated felony" to include offenses involving "fraud or deceit in which the loss to the victim or victims exceeds $10,000," and 8 U.S.C. § 1101(a)(43)(U), which extends the definition of aggravated felony to attempts and conspiracies.

Zamorano Balanta challenged his removal in several ways. First, he moved to terminate the removal proceedings, arguing DHS did not prove he committed an aggravated felony because there was insufficient proof of the amount of loss caused by the conspiracy. But the Immigration Judge found him removable after concluding DHS met its burden of showing his conspiracy caused enough loss to qualify as an aggravated felony. Zamorano Balanta then sought withholding of removal and protection under the Convention Against Torture[1] (CAT) based on his fear of persecution and torture by Colombian drug cartels because Zamorano Balanta and his father previously provided information about drug trafficking to the United States government. The Immigration Judge denied both applications for relief, finding that Zamorano Balanta was not eligible for withholding of removal and that he did not meet his burden for relief under CAT.

The BIA affirmed the Immigration Judge's decisions. It found that Zamorano Balanta was removable because DHS met its burden of proving he caused more than $10,000 of loss, based on the parties' stipulation of loss and the restitution order. The BIA also agreed that he was not eligible for withholding of removal because he committed a particularly serious crime by defrauding the United States out of at least $2,500,000. And it affirmed the denial of CAT relief because Zamorano Balanta did not establish he was more likely than not to be tortured, as he has not been tortured in the

---

[1]     *See* Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, art. 3, opened for signature Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85 (entered into force June 26, 1987).

past, his father is living in Colombia safely, and Colombia is engaged in efforts to curb corruption.

Zamorano Balanta petitioned for review of the BIA's determination that he is removable because he committed an aggravated felony and its decisions denying relief from removal.

While that petition for review was pending, Zamorano Balanta filed a motion with the BIA to reopen removal proceedings based on new evidence supporting a finding that he is more likely than not to be tortured in Colombia. Specifically, he produced a letter from a Colombian Army officer stating that Zamorano Balanta and his father have provided information against drug trafficking networks "in spite of the security risks" of doing so. In addition to this letter, he produced updated country reports and multiple newspaper articles corroborating corruption and violence by drug trafficking operations in Colombia. The BIA denied the motion to reopen, concluding the new evidence did not materially affect the Immigration Judge's finding that Zamorano Balanta did not prove he was more likely than not to be tortured.

Zamorano Balanta then filed a second petition for review, seeking review of the BIA's denial of his motion to reopen. We consolidated this petition with Zamorano Balanta's prior petition.

## II[2]

Zamorano Balanta contends he is not removable because he was not convicted of an aggravated felony. He also contends the BIA committed error and violated his constitutional rights in denying his applications for withholding of removal and under CAT, as well as by denying his motion to reopen. We conclude Zamorano Balanta was convicted of an aggravated felony. We further conclude that the BIA did not commit error or violate Zamorano Balanta's constitutional rights in denying his applications and his motion to reopen.

## A

We begin with Zamorano Balanta's contention that he is not removable because he was not convicted of an aggravated felony. We have jurisdiction to review the BIA's determination that a petitioner committed an aggravated felony because this is a legal question. *Grijalva Martinez v. Att'y Gen.*, 978 F.3d 860, 864 n.2 (3d Cir. 2020).

---

[2]     The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3), and we have jurisdiction under 8 U.S.C. § 1252(a). But our jurisdiction to review an order of removal based on the commission of an aggravated felony is limited, under 8 U.S.C. § 1252(a)(2)(C)–(D), to "constitutional claims or questions of law." *Pierre v. Att'y Gen.*, 528 F.3d 180, 184 (3d Cir. 2008) (en banc).

A        We review the BIA's decision as a final agency action, although we may also review the Immigration Judge's determination to the extent the BIA relied upon it. *See Oliva-Ramos v. Att'y Gen.*, 694 F.3d 259, 270 (3d Cir. 2012). "We review constitutional issues and questions of law under a *de novo* standard and regard the [BIA's] factual determinations as 'conclusive unless any reasonable adjudicator would be compelled to conclude the contrary.'" *Radiowala v. Att'y Gen.*, 930 F.3d 577, 581 (3d Cir. 2019) (citation omitted). "We review the denial of a motion to reopen for abuse of discretion and may reverse only if the denial is arbitrary, irrational, or contrary to law." *Bamaca-Cifuentes v. Att'y Gen.*, 870 F.3d 108, 110 (3d Cir. 2017) (citation omitted).

An alien who has been convicted of an "aggravated felony" is removable. 8 U.S.C. § 1227(a)(2)(A)(iii). An "aggravated felony" includes a conspiracy to commit "an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i), (U). DHS bears the burden of proving by clear and convincing evidence that the crime resulted in the amount of loss required for removability. *See Woodby v. INS*, 385 U.S. 276, 285–86 (1966).

Zamorano Balanta contends DHS has not proven that the conspiracy he was convicted of was an aggravated felony because it failed to prove, by clear and convincing evidence, that the conspiracy caused a loss greater than $10,000. He argues the BIA erred in relying on the restitution order and the presentence investigation report to determine the conspiracy caused a loss greater than $10,000 because the loss amounts in these documents are based on the agreement of the parties and dismissed counts, not the actual loss from the offense of conviction.

But the BIA appropriately considered the restitution order and the presentence investigation report in determining the amount of loss caused by Zamorano Balanta's offense. First, it is appropriate for the BIA "in determining the loss amount, to look beyond the charging document to sentencing-related materials." *Chiao Fang Ku v. Att'y Gen.*, 912 F.3d 133, 140 (3d Cir. 2019) (citation omitted). The BIA may not, however, consider the loss caused by dismissed charges, *Alaka v. Att'y Gen.*, 456 F.3d 88, 108–09 (3d Cir. 2006), *overruled on other grounds by Bastardo-Vale v. Att'y Gen.*, 934 F.3d 255 (3d Cir. 2019), or conclude the amount of loss based solely on a stipulation where there is conflicting evidence about the actual loss, *Singh v. Att'y Gen.*, 677 F.3d 503, 515 (3d Cir.

6

2012). The BIA did neither here. It did not consider dismissed charges because the restitution order and the presentence investigation report together indicate there was at least $2,500,000 in losses caused to the IRS by only the conspiracy that led to the conviction—a five-year conspiracy involving hundreds of false tax returns. And it did not rely solely on the stipulation of the parties in the face of contrary evidence because Zamorano Balanta does not point to any evidence that the actual loss was less than the amount required for the crime to qualify as an aggravated felony. Accordingly, the BIA appropriately concluded DHS established by clear and convincing evidence that Zamorano Balanta's conspiracy caused more than $10,000 in monetary loss.

B

We next turn to Zamorano Balanta's contention that the BIA erred in determining he committed a particularly serious crime and is thus ineligible for withholding of removal. Because Zamorano Balanta is removable for having committed an aggravated felony, we only have jurisdiction to review the BIA's denial of withholding of removal for legal and constitutional claims. *Grijalva Martinez*, 978 F.3d at 869 n.10. Our jurisdiction extends to "claims that the Board misapplied its precedents." *Nkomo v. Att'y Gen.*, 930 F.3d 129, 135 (3d Cir. 2019), *cert. denied sub nom. Nkomo v. Barr*, 140 S. Ct. 2740 (2020). But our jurisdiction does not extend to contentions "that an Immigration Judge or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors." *Jarbough v. Att'y Gen.*, 483 F.3d 184, 189 (3d Cir. 2007).

Zamorano Balanta's challenge to the BIA's denial of withholding of removal is fundamentally a challenge to the BIA's weighing of the evidence. He contends the BIA

7

erred in concluding that he committed a particularly serious crime because it failed to consider that his role in the conspiracy was minor and it relied on insufficient evidence to conclude the amount of monetary loss caused by the crime. We lack jurisdiction to consider these factual arguments.

Zamorano Balanta's only legal contention here, that the BIA misapplied its precedents, lacks merit. He contends that the BIA misapplied its precedents by considering dismissed charges in determining the amount of the monetary loss caused by the conspiracy. *See In re Carballe*, 19 I. & N. Dec. 357, 360 (BIA 1986) ("The focus [in the particularly serious crime inquiry] is on the crime that was committed."). But, as discussed above, the BIA's determination of the amount of the loss caused by Zamorano Balanta's crime was properly based on the five-year conspiracy he was convicted of committing. And in making this determination solely on the basis of the crime of conviction, the BIA appropriately considered "the circumstances of the underlying facts of the conviction." *Denis v. Att'y Gen.*, 633 F.3d 201, 215 (3d Cir. 2011) (citation omitted).

## C

Last, we consider Zamorano Balanta's contentions that the BIA erred in concluding he did not meet his burden under CAT and in denying his motion to reopen. We consider these determinations together because the motion to reopen only addresses the CAT order. We have jurisdiction to review the denial of an application for protection under CAT and to review a motion to reopen removal proceedings to reconsider a CAT determination. *See Grijalva Martinez*, 978 F.3d at 871 n.11 (citing *Nasrallah v. Barr*, 140

S. Ct. 1683, 1694 (2020)); *Cruz v. Att'y Gen.*, 452 F.3d 240, 246 (3d Cir. 2006) ("Implicit in this jurisdictional grant [to review final orders] is the authority to review the denial of a motion to reopen any such final order." (citation omitted)).

As to the CAT order, the BIA's determination that the evidence does not show Zamorano Balanta is more likely than not to be tortured is supported by substantial evidence. *See Blanco v. Att'y Gen.*, 967 F.3d 304, 310 (3d Cir. 2020) (noting that "we review for substantial evidence the [BIA's] factual findings" (citation omitted)). A CAT applicant must establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Sevoian v. Ashcroft*, 290 F.3d 166, 174–75 (3d Cir. 2002) (internal quotation marks omitted) (quoting 8 C.F.R. § 208.16(c)(2)). In the CAT context, torture means "severe pain and suffering, whether physical or mental," inflicted "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* at 175 (quoting 8 C.F.R. § 208.18(a)(1)). Zamorano Balanta contends his and his father's assistance to authorities combatting drug trafficking operations in Colombia, together with corruption in Colombia, establish it is more likely than not he will be tortured. But the evidence does not compel this conclusion. The record indicates that Colombia is engaged in efforts to curb corruption, Zamorano Balanta has not been tortured in the past, and his father has been living in Colombia safely. This is substantial evidence supporting the BIA's

determination because a reasonable adjudicator could conclude from this evidence that Zamorano Balanta did not meet his burden for CAT relief.[3]

As to the motion to reopen, the BIA did not abuse its discretion in denying the motion. To prevail on a motion to reopen removal proceedings for a reassessment of a CAT application, the applicant must "produce objective evidence showing a 'reasonable likelihood' that he can establish that he is more likely than not to be tortured." *Sevoian*, 290 F.3d at 175 (citation omitted). A reasonable likelihood is a realistic chance. *Fadiga v. Att'y Gen.*, 488 F.3d 142, 160 (3d Cir. 2007) (citation omitted). Zamorano Balanta contends he meets this burden with the new evidence of the letter from the Colombian Army officer, the updated country reports, and the newspaper articles. But the BIA properly concluded the letter did not create a realistic chance that Zamorano Balanta can establish he is more likely than not to be tortured because it is merely vague speculation adding to "a chain of assumptions and a fear of what might happen." *Denis*, 633 F.3d at 218 (citation omitted). Further, the updated country reports and the newspaper articles did not change the record—the evidence already showed Colombia is plagued by violence and corruption instigated by drug trafficking operations. But it also showed, as does the new evidence, that Colombia is engaged in a campaign to combat these elements.

---

[3]    Zamorano Balanta also advances a claim that the BIA violated his due process rights by ignoring evidence and relying on speculation. This argument, that "the BIA got the facts wrong, and that these erroneous findings of fact deprived him of due process," does not amount to a colorable due process claim. *Jarbough*, 483 F.3d at 190. He does not "attempt to tie his claim of factual errors to" the due process "requirements of notice and a meaningful opportunity to be heard." *Id.* Accordingly, this claim also fails.

Accordingly, Zamorano Balanta did not establish a realistic chance of success of being granted CAT relief based on the new evidence.[4]

III

For the reasons stated above, we will deny Zamorano Balanta's petitions for review.

---

[4] Zamorano Balanta also contends that the BIA erred in not discussing each new piece of evidence in its decision. But the BIA is not required to "discuss every piece of evidence mentioned by an asylum applicant." *Green v. Att'y Gen.*, 694 F.3d 503, 509 (3d Cir. 2012) (citation omitted). And we are not persuaded that the BIA ignored the new country conditions evidence because it noted that this evidence did not change the finding that Colombia is prioritizing its efforts to combat corruption. Accordingly, this contention lacks merit.