NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 19-2075 & 20-1288
_____

ABDALLAH MOHAMED KHAMIS,
a/k/a SHOCK LNU,
a/k/a SHAKA LNU,
                          Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087-098-847
(U.S. Immigration Judge: Alice Song Hartye)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2021

Before: CHAGARES, SCIRICA, and COWEN, *Circuit Judges*.

(Opinion Filed: June 14, 2021)

_____

OPINION[*]
_____

**SCIRICA**, *Circuit Judge*

Abdallah Mohamed Khamis seeks review of the Board of Immigration Appeals's dismissal of his appeal seeking deferral of removal under the Convention Against Torture, as well as its denial of his motion to reopen. We will deny the petitions.

I

Abdallah Mohamed Khamis, a citizen of Tanzania, entered the United States in 1999 as a non-immigrant visitor and later became a lawful permanent resident. He was then indicted in the U.S. District Court for the Eastern District of New York on two counts for a yearlong conspiracy to import and distribute one kilogram or more of heroin. He pleaded guilty to one count of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, admitting that he distributed heroin with his coconspirators. And he was sentenced in 2016 to eighteen months' imprisonment. The Department of Homeland Security commenced removal proceedings against Khamis based on this conviction.

In the removal proceedings, Khamis, through prior counsel, conceded that he was not eligible for asylum or withholding of removal, for which he had initially applied, and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

sought only deferral of removal under the Convention Against Torture[1] (CAT). Despite having narrowed the case solely to CAT relief, prior counsel referenced persecution, as opposed to torture, twice at the merits hearing, and he did not present certain torture-related evidence, including Khamis's testimony about why he was not tortured during prior travel to Tanzania. Further, prior counsel's memorandum of law in support of Khamis's application contained several errors, including references to the Congo and ethnic persecution, neither of which were at issue in this case.

Nonetheless, prior counsel's written and oral advocacy asserted that Khamis is more likely than not to be tortured in Tanzania because he is human immunodeficiency virus (HIV) positive. Prior counsel explained that Khamis will have to seek treatment at government-run HIV clinics in Tanzania and argued that, due to the Tanzanian government's association of HIV with homosexuality, Khamis, despite being heterosexual, will be accused of being homosexual. As a result of this, prior counsel argued, Khamis will be tortured through imprisonment, compulsory anal examinations, or deprivation of life-saving medication. He submitted evidence indicating that in Tanzania, where homosexual acts are criminal offenses, the government launched a campaign against homosexuality by shuttering non-governmental HIV clinics and arresting and conducting compulsory anal examinations of individuals accused of being homosexual.

---

[1] *See* Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment art. 3, opened for signature Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85 (entered into force June 26, 1987).

And Khamis testified at the merits hearing that he fears returning to Tanzania because he will be accused of being homosexual at government-run HIV clinics.

The Immigration Judge denied CAT relief after concluding the evidence showed Khamis was not more likely than not to be tortured. Khamis's fear of torture was speculative, the Immigration Judge found, because the Tanzanian government will not perceive him to be homosexual or deprive him of HIV medication—instead, the government prohibits discrimination against HIV positive persons and has implemented a nationwide plan to provide better access to HIV treatment.

Khamis, again through prior counsel, appealed to the Board of Immigration Appeals, arguing that the Immigration Judge's denial of CAT relief was not supported by the record. Prior counsel's memorandum of law to the Board mislabeled Khamis's claim as a particular social group persecution claim but argued that the denial of CAT relief was error because the evidence showed the government crackdown on homosexuality was leading to flagrant human rights violations, including against HIV positive persons. The Board concluded that the Immigration Judge's CAT finding was not clearly erroneous because the evidence showed governmental efforts to treat HIV positive persons and the country conditions report did not indicate that heterosexual persons with HIV were perceived to be homosexual. Accordingly, the Board dismissed the appeal. Khamis filed a petition for review of the Board's decision that he did not meet his burden for CAT relief.

Khamis then filed a pro se motion to reopen with the Board based on ineffective assistance of counsel and new evidence. He argued that prior counsel provided

ineffective assistance by arguing for unavailable relief, submitting filings containing errors, and failing to present additional evidence supporting his CAT claim. The Board concluded prior counsel was not ineffective because his arguments for unavailable relief and filings containing errors did not constitute deficient performance and his not submitting additional evidence did not result in prejudice. It further concluded that the new evidence—consisting of a U.S. Embassy communication and news articles about Tanzania's crackdown on homosexuality—was insufficient to warrant reopening the case because it did not show that the Tanzanian government will perceive Khamis to be homosexual. Accordingly, the Board denied the motion to reopen.

Khamis then filed a second petition for review, challenging the Board's denial of his motion to reopen. We consolidated this petition with Khamis's prior petition.

II[2]

Khamis contends prior counsel provided ineffective assistance by submitting filings with errors, arguing for unavailable relief, and not submitting certain evidence. He

---

[2] The Board had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) & 1003.2(a), and we have jurisdiction under 8 U.S.C. § 1252(a). Although our jurisdiction to review an order of removal based on the commission of an aggravated felony is limited, *Pierre v. Att'y Gen.*, 528 F.3d 180, 184 (3d Cir. 2008) (en banc), those limits do not apply to our review of the denial of a CAT application and a motion to reopen to reconsider a CAT determination. *See Grijalva Martinez v. Att'y Gen.*, 978 F.3d 860, 871 n.11 (3d Cir. 2020) (citing *Nasrallah v. Barr*, 140 S. Ct. 1683, 1694 (2020)).

"We review constitutional issues and questions of law under a *de novo* standard and regard the Board's factual determinations as conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." *Radiowala v. Att'y Gen.*, 930 F.3d 577, 581 (3d Cir. 2019) (internal quotation marks and citation omitted). "We review the denial of a motion to reopen for abuse of discretion and may reverse only if the denial is arbitrary, irrational, or contrary to law." *Bamaca-Cifuentes v. Att'y Gen.*, 870 F.3d 108, 110 (3d Cir. 2017) (citation omitted).

5

also contends the Board abused its discretion in denying his motion to reopen based on the new evidence supporting his CAT claim. We conclude prior counsel did not provide ineffective assistance of counsel. We further conclude the Board did not abuse its discretion in denying Khamis's motion to reopen based on the new evidence.

A

We begin with Khamis's contention that prior counsel's ineffective assistance warrants a reopening of his case. To reopen an immigration case on this basis, the noncitizen "must demonstrate that competent counsel would have acted otherwise and that he was prejudiced by counsel's poor performance."[3] *Calderon-Rosas v. Att'y Gen.*, 957 F.3d 378, 388 (3d Cir. 2020) (internal quotation marks and citation omitted). Showing the requisite prejudice means establishing that "there is a reasonable probability that the [Immigration Judge] would not have entered an order of removal absent counsel's errors," and "reasonable probability means merely a significant possibility." *Id.* at 387 (internal quotation marks and citations omitted).

To determine whether there is a significant possibility of a different outcome to establish prejudice, we look to the relationship between the alleged deficient performance and the basis for the denial of relief. For example, in *Calderon-Rosas*, prior counsel did not submit medical records of the petitioner's children's serious health issues, and the petitioner's application for cancellation of removal was denied because the Immigration

---

[3] An ineffective assistance claim in an immigration case also has a procedural component, *Rranci v. Att'y Gen.*, 540 F.3d 165, 172 (3d Cir. 2008), which the Government does not dispute Khamis met here.

Judge found the petitioner's children were in good health. 957 F.3d at 382. We held there was a significant possibility of a different outcome had counsel submitted the medical record evidence because a strong case exists for a noncitizen with "a qualifying child with very serious health issues" and the denial of relief "focus[ed] on hardship to Calderon-Rosas's children and on their good health." *Id.* at 388 (internal quotation marks and citation omitted).

Khamis does not establish the requisite prejudice because there is not a significant possibility of CAT relief being granted in the absence of the errors he alleges. Khamis contends prior counsel's performance was deficient in that he submitted flawed filings and arguments and did not submit additional evidence. But the Immigration Judge and the Board denied CAT relief due to a lack of evidence that Khamis was likely to be tortured in Tanzania based on his HIV positive status. Thus, only a failure to submit evidence of this kind could have resulted in prejudice because, even if prior counsel's filings and arguments had been flawless, it was this lack of evidence that was fatal to Khamis's CAT application.[4] And unlike in *Calderon-Rosas*, where the omitted evidence established a strong case for relief, the evidence Khamis contends was erroneously omitted here, as explained below, does not establish that HIV positive persons are likely

---

[4] To the extent Khamis contends prior counsel's imperfect filings and arguments prejudiced him by preventing him from reasonably presenting his argument, that contention is belied by the Immigration Judge's and the Board's accurate recitations of his argument.

to be tortured in Tanzania. Submitting this evidence would therefore not have resulted in a significant possibility of a different outcome.[5]

Accordingly, prior counsel did not provide ineffective assistance because Khamis was not prejudiced by the alleged errors.

B

We next turn to Khamis's contention that new evidence warrants reopening his case. To prevail on a motion to reopen removal proceedings for a reassessment of a CAT application, the applicant must "produce objective evidence showing a 'reasonable likelihood' that he can establish that he is more likely than not to be tortured." *Sevoian v. Ashcroft*, 290 F.3d 166, 175 (3d Cir. 2002) (citation omitted). A reasonable likelihood is a realistic chance. *Fadiga v. Att'y Gen.*, 488 F.3d 142, 160 (3d Cir. 2007) (citation omitted).

Khamis's new evidence does not show a reasonable likelihood that he can establish he is more likely than not to be tortured on account of his HIV positive status. He contends he will be tortured because the Tanzanian government perceives HIV positive persons to be homosexual. To establish this governmental perception, Khamis points to news article reports of the government's shuttering nongovernmental HIV organizations during its crackdown on homosexuality. But the reports indicate the government shuttered those organizations because they actively supported homosexual

---

[5] To the extent Khamis contends he was prejudiced by prior counsel not eliciting his testimony explaining the lack of torture during his prior travel to Tanzania, this argument fails, as Khamis's testimony about his travel was elicited by the Immigration Judge and became part of the record.

8

activity, not because of a perceived connection between HIV and homosexuality. The government's shuttering of nongovernmental HIV organizations that supported homosexual activity while operating HIV clinics that do not support homosexual activity does not indicate a conflation of homosexuality and HIV positive status.

Accordingly, the Board did not abuse its discretion in denying the motion to reopen because the new evidence does not show that HIV positive persons are likely to be tortured in Tanzania.

III

For the reasons stated above, we will deny Khamis's petitions for review.