NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2636
_____

PATRICK JULNEY,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(Agency No. A077-836-163)
Immigration Judge: Mirlande Tadal
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 11, 2023

Before: PHIPPS, MONTGOMERY-REEVES, and MCKEE, *Circuit Judges*.

(Opinion filed: August 29, 2023)
_____

OPINION*
_____

MONTGOMERY-REEVES, *Circuit Judge.*

Patrick Julney petitions for review of the Board of Immigration Appeals ("BIA")

order denying his motion to reopen his application for deferral of removal under the

---

* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

regulations implementing the Convention Against Torture ("CAT"). Because Julney did not meet his burden to show prima facie eligibility for relief, we will deny the petition for review.

## I. BACKGROUND

Julney is a native and citizen of Haiti. He first came to the United States as a child and adjusted his status to that of Lawful Permanent Resident on June 23, 2005. In 2008, Julney pleaded guilty to one count of third-degree possession of a controlled dangerous substance with intent to distribute within 1000 feet of school property under New Jersey statute 2C:35-7. In 2009, Julney pleaded guilty to two counts of first-degree robbery under New Jersey statute 2C:15-1.

In 2018, the Department of Homeland Security initiated removal proceedings for Julney by serving a notice to appear charging that Julney was removable from the United States pursuant to Sections 237(a)(2)(B)(i) & (A)(iii) of the Immigration and Nationality Act (8 U.S.C. §§ 1227(a)(2)(B)(i) & (A)(iii)) due to his convictions in New Jersey. In February 2019, Julney admitted to the facts charged in the notice to appear, and the Immigration Judge ("IJ") found him removable. In March 2019, Julney filed an I-589 Application for Asylum and for Withholding of Removal seeking withholding of removal under the CAT. An individual hearing on that application was held on July 30, 2019, with Julney appearing pro se. On August 7, 2019, the IJ denied Julney's application. On May 12, 2021, the BIA adopted and affirmed the IJ's denial.[1] On November 26, 2021,

---

[1] On August 26, 2019, Julney appealed the IJ's decision to the BIA. The BIA mistakenly reviewed the IJ's denial of Julney's motion to reconsider and affirmed that decision.

2

Julney filed a motion to reopen with the BIA, arguing that changed country conditions warranted reopening of his case and that he was eligible for withholding under CAT because he would be tortured upon his removal to Haiti. On August 8, 2022, the BIA denied the motion to reopen. Julney then filed the present petition for review.

## II.    STANDARD OF REVIEW[2]

We review the BIA's denial of a motion to reopen for abuse of discretion "and will not disturb the BIA's determination unless it is arbitrary, irrational, or contrary to law." *Darby v. Att'y Gen.*, 1 F.4th 151, 159 (3d Cir. 2021) (citing *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005)). "We review the BIA's legal conclusions de novo and its factual findings under the substantial-evidence standard." *Id.* Under the substantial-evidence standard, "[t]he [BIA]'s 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Grijalva Martinez v. Att'y Gen.*, 978 F.3d 860, 871 n.11 (3d Cir. 2020) (quoting *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020)). "[A]n agency's failure to consider detracting evidence does not, by itself, justify setting aside a factual finding. Rather, for an agency's finding of fact to be set aside on this basis, the neglected detracting evidence, if considered, would have to compel a reasonable adjudicator to reach a contrary conclusion." *Alexander-Mendoza v.*

Julney filed a petition for review with this Court, which held that the BIA erred in reviewing the motion to reconsider as opposed to the underlying denial of relief. Julney also filed a petition for review of the BIA's May 2021 decision with this Court in May 2021, which was denied in July 2022.

[2] The BIA had jurisdiction over this case under 8 C.F.R. § 1003.2(c). We have jurisdiction to review the BIA's order pursuant to 8 U.S.C. § 1252.

*Att'y Gen.*, 55 F.4th 197, 207 (3d Cir. 2022) (citing *Nasrallah*, 140 S. Ct. at 1692; *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)).

## III.    DISCUSSION

Julney argues that the BIA erred by denying his motion to reopen because he showed that he would be tortured in Haiti due to (1) the perception that he is a foreigner, (2) his late father's musical activism, and/or (3) his status as a criminal deportee from the United States.[3]  Thus, Julney contends, he made a prima facie case for relief under CAT.

"An applicant for relief on the merits under the CAT bears the burden of proof 'to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'"  *Darby*, 1 F.4th at 159 (quoting 8 C.F.R. § 1208.16(c)(2)).  "If the agency rules against the applicant, she may still obtain relief by moving to reopen removal proceedings with the agency."  *Id.* at 160.

To grant the motion to reopen, the BIA must find that the respondent established prima facie eligibility for protection under CAT.  *Sevoian v. Ashcroft*, 290 F.3d 166, 173 (3d Cir. 2002).  "[T]he prima facie case standard for a motion to reopen under the [CAT] requires the applicant to produce objective evidence showing a 'reasonable likelihood' that he can establish that he is more likely than not to be tortured."  *Id.* at 175 (citation omitted).  When determining whether to grant a motion to reopen, the BIA must evaluate "the evidence that accompanies the motion as well as relevant evidence that may exist in

---

[3] Because Julney did not meet his burden to show prima facie eligibility for relief, we need not address his argument that the BIA also erred by holding that Julney had not met his burden to show changed country conditions in Haiti such that he could overcome the timeliness bar for his motion to reopen.

the record of the prior hearing, in light of the applicable statutory requirements for relief."
*Id.* at 173.

Here, the evidence in front of the BIA included the testimony from Julney's 2019 hearing in addition to the materials submitted with his motion to reopen. After considering this evidence, the BIA found that "the respondent's claim is based on a chain of assumptions and a fear of what might happen, rather than evidence that establishes a reasonable likelihood that he would more likely than not be subjected to torture in Haiti. . .. Even considering the respondent's feared harm aggregated from various sources, his new evidence does not show a possibility that he would more likely than not suffer harm rising to the level of torture in Haiti." App. 7. The evidence in the record does not compel the contrary conclusion.

First, Julney contends that he will be tortured because he will be perceived as a foreigner and because there is a significant incidence of homicides and kidnappings in Haiti. The BIA found that the record showed that there has been an increase in kidnappings in Haiti, particularly of United States citizens, but that Julney had not presented any evidence that Haitian deportees from the United States are kidnapped at a greater rate than the general population in Haiti. While the evidence in the record shows that United States citizens are increasingly targeted by kidnappers, there is no evidence in the record that those perceived as foreign or non-Haitian are targeted as Julney alleges. Moreover, the evidence of the general country conditions in Haiti is not sufficient to show Julney's individualized risk of torture. Thus, there is not objective evidence showing a reasonable likelihood that Julney can establish that he is more likely than not

to be tortured because he will be perceived as a foreigner or because of the general incidence of homicides and kidnappings in Haiti.

Second, Julney contends that he will be tortured due to his family name and because of his father's musical activism. The BIA found that there is no evidence that the Haitian government or the gangs are aware of or interested in harming Julney due to his late father's activism and that it was speculative that Julney's uncle's unidentified kidnappers would learn of Julney's return from the United States and subsequently target him. There is no evidence in the record that undercuts these findings, let alone that would compel a reasonable adjudicator to find to the contrary. Thus, there is not objective evidence showing a reasonable likelihood that Julney can establish that he is more likely than not to be tortured because of his family name or his father's musical activism.

Third and finally, Julney contends that he will be tortured because he will be detained when he arrives in Haiti because he is a criminal deportee from the United States. This Court has held that Haiti's longstanding policy of detaining criminal deportees from the United States does not justify withholding under CAT because Haitian authorities do not "imprison ex-convicts upon their deportation to Haiti in order to cause them severe pain or suffering[,] [but r]ather, the conditions prevalent in the Haitian prison are due to 'Haiti's economic and social ills.'" *Pierre v. Att'y Gen.*, 528 F.3d 180, 191 (3d Cir. 2008) (quoting *Auguste v. Ridge*, 395 F.3d 123, 153 (3d Cir. 2005)); *see also Denis v. Att'y Gen.*, 633 F.3d 201, 217–18 (3d Cir. 2011). Thus, even if Julney's evidence demonstrated that there is a reasonable likelihood that he can establish that it is more

6

likely than not that he will be detained in Haiti for being a criminal deportee from the United States, that detention would not qualify as torture under the CAT.

Because the overall record shows that Julney did not produce objective evidence showing a reasonable likelihood that he can establish that he is more likely than not to be tortured if he is removed to Haiti, the BIA did not abuse its discretion by denying his motion to reopen.

## IV.    CONCLUSION

For the reasons discussed above, we will deny the petition for review.